53   733
83   190

CLINTON ATKINSON *v.* A. E. FOXWORTH, ADMINISTRATOR.

1. ATTACHMENT. *Judgment nil dicit. Writ of inquiry. Verdict in gross. Practice on reversal.*

   A judgment *nil dicit* against the defendant in attachment, who had given bond and retained five mules, seized under the writ, was followed by a writ of inquiry and verdict assessing the value of the mules *in gross*, and a judgment against the defendant and surety on his bond for the five mules or their value. *Held*, that the judgment on the bond should be reversed, because the verdict must assess the value of each mule separately; but that the judgment *nil dicit* should stand, and a writ of inquiry be awarded to assess the value of the mules, on the return of the case to the lower court.

2. SAME. *Surety on replevy bond. How and when may defend.*

   The surety on the replevy bond of the defendant in attachment, when it is proposed to enter judgment against him, may contest original liability on the bond, or show a discharge from its obligation. But he cannot plead to the action or interpose any defence, nor can he complain of mere errors in the action against his principal. His right to defend below and to complain here commences after the finding against the defendant in attachment.

3. SAME. *Replevy bond. Remedy for insufficient one.*

   The replevy bond of the defendant in attachment is what connects the surety with the case. After a bond has been given under § 1439, Code 1871, and the property restored to the defendant, the court has not the right to exact a new bond, and whatever validity such bond might have as the foundation of an action, it could not link the surety to the attachment suit so as to subject him to the judgment provided by statute as a consequence of the finding of the issue in favor of the plaintiff. The only remedy for an insufficient bond or security is provided by § 1441, Code 1871.

ERROR to the Circuit Court of Marion County.

Hon. GREEN C. CHANDLER, Judge.

A. E. Foxworth, administrator, filed his declaration on the 23d September, 1869, against Edward E. E. Magee, Elisha Magee, and Mary Magee, on their joint note. The next day he obtained a writ of attachment, in aid of his suit, which was levied on six mules, one gray horse, and other property.

Elisha Magee and Edward E. E. Magee, on the 26th July, 1870, executed bond with sureties, conditioned according to law, for the forthcoming of the property, to abide the result of the suit, and took possession of the mules and horse. The attachment bond having been executed by Foxworth, as administrator, with one surety, and being worded so as to bind only the property of the estate, and not Foxworth personally, the defendants moved to dismiss the attachment; which motion the court overruled. On the 10th April, 1871, all the defendants pleaded in abatement.

The court, at the April Term, 1871, on motion of the plaintiff, required Edward E. E. Magee to make up an issue with the plaintiff to try the right to the replevied property claimed by him, to wit, five mules. At the same term, the plaintiff moved that the defendants be required to give a new replevy bond, because the sureties on the bond given were insufficient; and, on the hearing of the motion, the court adjudged the bond insufficient, and ordered, " that unless the said Elisha Magee and Edward E. E. Magee shall execute a new bond, each with good and sufficient sureties, in double the value of said property, as valued by the sheriff, within sixty days from this date, that said property shall be turned over by said Elisha Magee and Edward E. E. Magee, to the sheriff or other proper officer." Accordingly Edward E. E. Magee gave bond, with Clinton Atkinson as surety, for five mules, reciting the order requiring the new bond on the insufficiency of the first, and conditioned, according to law, for the forthcoming of the property to abide the result of the suit.

At the September Term, 1873, by leave of court, the defendants filed their several pleas to the merits.

Mary Magee having died, the suit was revived, at the March Term, 1875, in the name of Elisha Magee, her administrator; and thereupon the defendants withdrew the plea in abatement of the writ of attachment, and the several pleas to the declaration. A judgment *nil dicit* was accordingly entered against Elisha Magee and Edward E. E. Magee and Elisha Magee, administrator of Mary Magee, for the amount of the debt and interest; and in said judgment the property levied on, including the five mules, was condemned to be sold to satisfy the

debt and costs of suit, and a *venditioni exponas* was ordered to issue.

At the same term of court was subsequently entered a judgment, reciting that " Clinton Atkinson, surety on the replevy bond in this case, comes and moves the court to discharge the levy of the writ, and to be relieved from his suretyship on the replevy bond ; and that said property be released from said levy, because, by default of the plaintiff in attachment, the issue between said plaintiff and said Edward E. E. Magee was not made up at the return term of said writ, which said motion the court refused to entertain ; and said Clinton Atkinson moved the court to supersede the levy of the attachment so far as it affects one mule and one gray horse, because, without any fault of the defendants, said horse and mule have died since the levy of said attachment ; which motion the court declined to entertain. And then came the defendants and the said plaintiff, who stated to the court that the surety on said replevy bond had become insolvent and insufficient, and moved the court that said Edward E. E. Magee be required to give additional sureties on said bond, or give a new bond. And then came said Edward E. E. Magee in open court, and confessed said motion. It is thereupon ordered by the court that said Edward E. E. Magee be required to give additional sureties on said bond, or give a new bond ; and said Edward E. E. Magee, in open court, refused to give additional sureties on said bond or execute a new bond, and withdrew his affidavit in replevin, and refused further to prosecute the same. It is therefore considered by the court that said replevin be not sustained, and the property attached be condemned to be sold under the attachment in this cause ; but because the value of said property is unknown to the court, came a jury, &c."

The jury assessed the value of the property replevied, to wit, the five mules, at $625 ; and thereupon the court entered judgment for the plaintiff against Edward E. E. Magee and Clinton Atkinson for the five mules, if to be had ; and if not, for the sum of $625 and costs of suit, and for the further sum of $62.50 damages.

Clinton Atkinson took three bills of exceptions, from the first two of which it appears that the reason why the court

would not entertain his motions aforesaid was that he was not a party to the suit. The last bill of exceptions shows that Clinton Atkinson moved to set aside and vacate the judgment,

"1. Because four of the mules replevied by Edward E. E. Magee were adjudged to Leonidas Pittman, at this term of this court, on issue joined between the parties to this suit upon a claim of property interposed by said Pittman.

"2. Because one of said mules died before the commencement of this suit.

"3. Because the judgment is collusive, and a fraud upon the surety; and is false in its recital that a jury assessed the value of the property."

On the hearing of said motion, he introduced the judgment against himself aforesaid, and then offered to prove each of the other allegations and causes assigned in said motion; but the plaintiff objecting, the court declined to hear the testimony, and overruled the motion.

Whereupon said Atkinson brought the case to this court, and assigns for error, —

1. The court erred in requiring the defendant to give a new replevy bond.

2. In rendering judgment against the plaintiff in error after judgment final had been rendered in the cause.

3. In rendering judgment on the bond executed by Magee and the plaintiff in error.

4. In overruling the motion of the plaintiff in error to be discharged for reasons stated in his motion.

5. In rendering judgment against the surety on an assessment of the value of the property in bulk and for costs.

6. In refusing to set aside the judgment on motion of the plaintiff in error for the causes assigned.

7. In rendering a judgment for ten per cent damages against the surety, upon a judgment by default against the principal.

8. In overruling the motion to dismiss the attachment for want of a proper bond.

*T. S. Ford* and *Chrisman & Thompson*, for the plaintiff in error.

1. The attaching creditor's bond for the writ limits responsibility to the extent of the goods of his intestate unadminis-

tered. The writ was therefore obtained without bond from the plaintiff, as required by law, and was void. *Hopkins* v. *Grissom*, 26 Miss. 143 ; *Cantrell* v. *Letwinger*, 44 Miss. 437 ; *Ford* v. *Hurd*, 4 S. & M. 683 ; 45 Miss. 247.

2. It was error to require the defendants to give a new bond or surrender the property fifteen months after it had been delivered to them by the sheriff, on a bond which he had approved. There is no provision of law and no state of circumstances which requires this. The sheriff is the judge of the sufficiency of the security. If the bond is insufficient, the remedy of the creditor is prescribed. Code of 1857, art. 10, p. 376. This remedy analyzed is this : 1. The plaintiff must except to its insufficiency in *sixty* days ; 2. The complaint must be against the sheriff on notice to him ; 3. If found insufficient, the sheriff is made subject to the same judgment with the securities on the bond. On what principle could the defendant and sureties be bound on a second bond executed under such an order ? The motion and judgment thereon show that the defendant was rightfully in the possession of the property, and he could not be deprived of it except by due process of law. This second bond does not belong to that class of cases which, though the law did not require the bond to be given, are based on a valid consideration, and good faith and common honesty requires the obligation to be discharged. The courts have never held that a bond not required to be given — which is the evidence of no trust reposed, and is wholly without consideration — is nevertheless binding. The contrary is decided. *Boyd* v. *Swing*, 38 Miss. 182 ; *Taylor* v. *Arthur*, 9 S. & M. 183 ; *State* v. *Bartlett*, 30 Miss. 624 ; *Proskey* v. *West*, 8 S. & M. 711 ; *United States* v. *Tingey*, 5 Pet. 115.

The court below had the physical power to enforce its order. That the defendant yielded to this power cannot be held to estop him from showing that the order was a piece of judicial despotism. *Boyd* v. *Swing*, *supra ; Taylor* v. *Arthur*, *supra*.

3. The judgment against the sureties on its face is void ; the liability of the principal does not appear. The sureties have a right to pay the judgment and retain the property. Code 1857, art. 9, p. 375 ; *Young* v. *Pickens*, 45 Miss. 553.

4. The judgment against the sureties should have been

vacated on their application. They showed that the same property had been claimed and recovered by another claimant, in the same suit, prior to the trial of their principal's claim. This was a complete defence to them.

*B. Taylor*, for the defendant in error.

1. It was not error to require the new replevy bond to be given because the first bond was adjudged to be informal and void, the same as if no bond had been given. The first replevy bond was not given to the sheriff, nor taken nor approved by him ; moreover, the first bond was given as a joint bond by all the defendants in attachment, for the property of each individually : to wit, Edward, Elisha and Mary all gave but one replevy bond in the first instance, though a part of the property belonged to Elisha, a part to Mary, and a part to Edward. Certainly the court had power to require each to give a separate bond, and no exceptions were taken to the ruling of the court at the time. The sureties can interpose no defence, except such as has arisen since the bond was executed.

2. The Rev. Code of 1857 provides, p. 375, § 8, that the replevy bond shall be " given to the sheriff " and " approved by him." There is nothing to show that the sheriff took or approved the first bond.

The return of the sheriff fails to show that he took the first bond, or that he returned it.

3. The plea in abatement, traversing the grounds on which the attachment was .sued out, was a waiver of any objection to the writ of attachment, or attachment bond ; and the withdrawal of the plea in abatement was a waiver of all objections to the attachment proceeding ; and the sureties on the replevy bond are estopped by the recitals in the bond from denying the validity or *levy* of the attachment, or the validity of the attachment writ.

4. It is unnecessary that the judgment for the plaintiff's debt, and the judgment on the replevy bond, should be embraced in *one entry ;* but the judgment for the debt must show the amount of the debt, and this must be indorsed on the *distringas* against the sureties on the replevy bond. The two entries constitute but one judgment. Rev. Code 1871, p. 293, art. 1448.

5. The death of the animals replevied could only be set up by plea *puis darrein continuance*, and not by motion. *Whitfield* v. *Whitfield*, 44 Miss. 254; *Young* v. *Pickens*, 45 Miss. 553.

6. The question whether the verdict was collusive, could only be inquired into in a court of equity; the Circuit Court had not jurisdiction to try that question.

7. It was not error to value the animals in bulk, because the plaintiffs in error, by their motion, stated that the animals were dead, and could not be returned.

8. The sureties are bound by the waiver of their principal. *Montgomery* v. *Dillingham*, 3 S. & M. 647; *Dillingham* v. *Jenkins*, 7 S. & M. 479; *Baine* v. *Williams*, 10 S. & M. 113.

9. For answer to the seventh assignment of error, we remit the ten per cent damages assessed by the jury, and the costs against the sureties.

CAMPBELL, J., delivered the opinion of the court.

The judgment in this case will be reversed, because the value of the mules was not assessed separately as to each mule, and the judgment is for a sum in gross. The judgment by *nil dicit* against the defendants in the attachment will remain undisturbed by this judgment of reversal. A writ of inquiry will be awarded to assess the value of the mules, as provided by § 1448 of the Code; and, when it shall be proposed to enter judgment against the plaintiff in error, as surety on the replevy bond of Edward E. E. Magee, he will have the right to show cause against such judgment by setting up any matter which operates as a discharge of the obligation of his bond, or which goes to a denial of the execution or the validity of the bond. Any one against whom it is proposed to take a judgment has the right to be heard to say why such judgment shall not be rendered. *Jones* v. *Coker, ante*, 195. In the case at bar the bond of the surety is what connects him with the case. It is by virtue of that, if at all, that judgment may be rendered against him, as a consequence of a finding for the plaintiff of the issue between the parties. Until a verdict for the plaintiff, the sureties on the bond are in no danger of a judgment against them. Before that they are not called on to speak in their defence. They cannot, as sureties,

and in their names, plead to the action or interpose any defence, for the action is not against them.  Their liability is only for a delivery of the property replevied, or payment of its value, as assessed.  Their concern with the case commences at the point where their responsibility begins, and liability to a judgment against them arises, i. e., at the finding of the issue in favor of the plaintiff.  They may then show any thing which furnishes a legal reason for not entering judgment against them on the finding of the issue in favor of the plaintiff.  They may contest original liability on the bond, or show a discharge from its obligation, but they cannot complain of mere errors in the action against their principal.  They cannot make any defence to the action, except such as will discharge them.  Therefore the errors assigned by the plaintiff in error in this case are not available to him, except as they come within the rule here laid down.  His right to defend below, and to complain here, commenced after the finding against the defendants in the attachment.  If the attachment had been void, the case would be different; but it was not void.

The most important assignment of error is that the bond of the plaintiff in error is void, because the court had no right, in the given case, to require a new bond.  If it be true that a replevy bond had been given under § 1439 of the Code of 1871, or the corresponding article of the Code of 1857, p. 375, art. 8, and the property was restored to the defendant, who replevied it, the court did not have the right to exact a new bond; and whatever validity such bond might have, as the foundation of an action, it could not link the surety to the attachment suit, so as to subject him to the judgment provided by statute, as a consequence of the finding of the issue in favor of the plaintiff.

The remedy for an insufficient " bond or security " in such case is provided by § 1441, Code of 1871 (Code of 1857, p. 376, art. 10) ; and there is no other.

The transcript of the record does not present the question of the alleged invalidity of the bond on which judgment was rendered in such manner as to call for its final decision; but this and all other questions involved can be formally and distinctly presented in the court below.

*The judgment is reversed.*