## W. C. H. McKinney et al. *v.* John Willis.

1. CHANCERY JURISDICTION. *Judgment at law. Relief for errors correctable on appeal. Sureties on replevin bond.*

    A court of chancery cannot relieve sureties against whom a judgment at law has been rendered on a replevin bond given by the defendant in an action of distress, on the ground that the circuit court rendered such judgment on an award made by referees who were biased, and permitted the plaintiff's affi- davit to be materially changed after the execution of the bond. If the action of the circuit court was erroneous, objection should have been made when the judgment was about to be entered, and an appeal taken by the principal and his sureties, the remedy at law being plain and adequate.

2. JUDGMENT. *On replevin bond. Failure of principal to appeal. Rights of sure- ties.*

    In an action for distress for rent, if the tenant fail or refuse to appeal from an erroneous judgment, the sureties on his replevin bond are concluded. They have no remedy by direct appeal or in equity.

APPEAL from the Chancery Court of Sharkey County.

HON. WARREN COWAN, Chancellor.

W. C. H. McKinney and W. H. Barnard filed this bill in equity

against John Willis. The bill set out that in December, 1882, John Willis distrained for rent of land certain personal property belonging to George W. and J. A. Hollingsworth; that the Hollingsworths replevied the property with complainants as sureties on their replevin bond; that at the last term of the circuit court an award of arbitration was made and filed therein and entered as the judgment of said court in the case of Willis against the Hollingsworths; that one of the arbitrators was a near kinsman of Willis, and another was biased and prejudiced against the Hollingsworths; that complainant did not know these facts until after the court ordered the award to be made a judgment, and that they never agreed to any order of submission; that the judgment of the circuit court is against the Hollingsworths and complainants; that Willis seeks to cause an immediate levy of his execution; that the award reached is wholly unjust; that the sum awarded is excessive; that the arbitrators refused to hear evidence as to the value of the property, but accepted the estimate of the officer who seized the property as conclusive; that the Hollingsworths are insolvent, and that complainants will have to pay the judgment; that the Hollingsworths had a good and valid defense in the circuit court, to wit: the distress warrant was taken out on an affidavit for rent " not due," and after replevy and bond given and declaration filed, this affidavit was changed, on motion, to an affidavit for " rent due and in arrear;" that the Hollingsworths at the same term at which judgment was rendered made a motion to set aside the award, and offered to prove substantially the matters set out in this bill, but that the court refused to hold open for a few hours to enable them so to do; that complainants were by this action of the court prevented from making such a showing as was necessary and proper in order that they might present their case fully and fairly to the supreme court on appeal. The bill then prays that the award of the arbitrators be set aside, and that Willis be enjoined from enforcing his judgment until the whole case can be determined by the Chancellor. The defendant demurred to the bill, and the demurrer was sustained. The complainants appealed.

*E. H. McGarr* and *Calhoon & Green*, for the appellants.

1. The arbitration was made under chapter 66 of the Code of 1880, p. 651 *et seq.* By § 2412 of the code, either party had until the end of the term of the court next after the award was made and returned by which time to make objections or exceptions to the award. The execution having been issued before the expiration of the time so allowed, it was prematurely issued, and the injunction should, therefore, have been sustained. We urge this as conclusive under the terms of the statute, and we refer the court to a case deciding the question, if there is any question, in our favor, under a similar statute. *Pancoast* v. *Curtis*, 1 Halstead (N. J.) 415; Nixon's Dig. Laws of N. J. 25, 26. Equity only could grant relief, as the execution was issued after court adjourned.

2. The decree was wrong, because the distress was on an affidavit for rent not due; and after complainants went on the tenants' bond the circuit court allowed the distrainor to amend his affidavit into an affidavit for rent *due and in arrear.* We submit that this discharged the sureties on the tenants' bond. *Perkins* v. *Rudolph*, 36 Ill. 306, opinion by Judge Breese; *Smith* v. *Roby*, 6 Heisk. (Tenn.) 546 ; Brandt on Suretyship, §§ 397, 400, 407, 416. It is unnecessary to produce authorities to the effect that the obligation of such sureties is *strictissimi juris.* Even if they had consented to such an amendment, such consent would not have given the bond any force in the new phase which the case thereby assumed. Morse on Arbitration 522; Murfree on Official Bonds, §§ 719, 720; Ib., § 620; Ib., § 36.

Section 36 says a replevin bond is an official bond and § 620 applies the rule *strictissimi juris.* The bond of Willis, the distrainor, with Lewis W. Thompson, surety, was for distress for rent *not due.* The amendment discharged this surety and destroyed the tenant's protection.

3. The decree was erroneous, because the bill shows that the case was submitted by parties to the arbitration. Such submission operates the discharge of the sureties, whether they consent to it or not. The bill avers there was no consent. But if there was, there can be no penalty against the person who consents to a course which causes his discharge from liability. Certainly, it seems to

us that arbitration could not affect the sureties unless they, at the same time, consented that their bond should hold good to abide the judgment of the arbitrators.   See the authorities *supra*, and Wells on Replevin, § 795, and authorities cited in the note to this section. Adams' Equity 393 (193) *et seq.*, showing the full jurisdiction of equity.

4. The averments of bias in the umpire and his kinship to Willis are enough to sustain the bill.

*Miller, Smith & Hirsh*, for the appellee.

1. An injunction will not be granted against the collection of a judgment at law for any matter which the complainant might have used as a defense at law if it were known to him at the trial, or might have been known by use of reasonable diligence.   Cases cited, George's Digest 866 ; also *Weddelle* v. *Seal*, 45 Miss. 726.

Injunction will not be granted when he has lost his remedy at law by laches or failure to assert it.   Cases cited, George's Digest 872, 873.

Sureties on forthcoming bond signing in blank, denied injunction because of failure to set up the defense at law.   *Finney* v. *Harris*, 1 Geo. 36.

2. An injunction will rarely be allowed against the enforcement of a judgment made upon an award of arbitrators, since the objections to the irregularity of the proceeding can and usually should be made at law.

3. It is clear that the sureties here are not within the rule which discharges such parties in consequence of indulgence given to their principal.   *Ammons* v. *Whitehead, etc.*, 31 Miss. 104.

" The surety on the replevy bond of the defendant in attachment, when it is proposed to enter judgment against him, may contest original liability on the bond, or show a discharge from its obligation.   But he cannot plead to the action or interpose any defense, nor can he complain of mere errors to the action against his principal.   His right to defend below and to complain here commences after finding against the defendant in attachment."   *Atkinson* v. *Foxworth*, 53 Miss. 733.

If the sureties had a release or discharge from the bond which

had inured to them after the execution of the bond and before judgment on it, they had the right, and it was their duty, if they desired to avail of it, to prevent judgment on the bond against them, to have set up this defense in the circuit court before judgment, when an issue of law or fact would have been made up and tried. Not having availed themselves of their right to object to judgment against them on the bond, they cannot be heard in chancery to complain of the judgment. *Thomas* v. *Phillips*, 4 S. & M. 358. Every one against whom a judgment is proposed to be rendered has the right to be heard in opposition to it. *Jones* v. *Coker*, 53 Miss. 198.

4. It seems to us clear beyond all cavil, since it is held that the parties themselves may compromise and consent to a judgment that will bind the sureties, then an agreement to consent to what mutual friends or arbitrators shall say is just ought to be equally binding on the sureties.

At all events, they are parties to the suit, are before the court, have the right to object to any proceeding affecting their rights, are permitted to appeal from wrong judgments, and so cannot be heard to make a collateral attack for errors which they say are apparent upon the face of the record.

*W. P. Harris*, on the same side.

1. The effect of this submission and award and judgment was not to discharge the sureties whether they consented to it or not.

The principle governing the obligations of sureties in bonds executed in the course of judicial proceedings to enable the parties litigating to prosecute suits, appeals, injunctions, and the like, is stated in *Ammons* v. *Whitehead*, 31 Miss. 99, that the sureties in such cases impliedly confer on the principal power to act in the conduct of the suit in any manner that seems to him most conducive to his interests without consulting them. He is left unhampered to meet any emergency which may arise, and to give consent, make waivers or concessions, which in his judgment will secure the best result.

There is no foundation in reason for the rule that he is bound to conduct the cause according to the common course. He is to plead,

demur, take issue to the judgment of the court or the finding of the jury, as his counsel may advise.

It is his undoubted right to confess judgment in replevin, and this being so, he may agree to arbitrate, and that the award may be entered as a judgment. *Yeates* v. *Russell*, 17 Johnson 461; *Hill* v. *Pearsage*, 21 Wisconsin 298.

A pending cause submitted to arbitration and the submission made a rule of that court, the award to be entered as the judgment in the cause is not a discontinuance of the proceedings. (The English cases seem to turn on this.) The nature of the proceeding, under the statute implies that the cause is to await the report; that the arbitrators are subordinate instruments or machinery of the court whose acts are subject to confirmation or rejection by the court. It has been so held as to a submission without a rule where the agreement is that the award shall be entered as the judgment in the cause. *Mear* v. *Regan*, 30 Miss. 83; *Ex parte Wright*, 6 Cow. 399; *People* v. *Onondaga, etc.*, 1 Wend., 18 John 22.

The text of Morse on Arb. and Awards 74, 76, and 77, contains a discussion on this question.

2. It plainly appears that there was a submission under a rule of court and an award in accordance therewith returned into court. The court being thus in possession of the cause, had obtained exclusive cognizance of the award and the impeachment to which by law it was subject. If the jurisdiction was primarily concurrent, possession made it exclusive; at all events, the jurisdiction of the circuit court on all the grounds of partiality, misconduct, irregularity of the submission, and what not, was full and adequate and precludes any appeal to a court of chancery. Adams' Equity 427 (marg. 193), and cases cited.

The parties here had their appropriate remedy, in the very forum of which they complain, to impeach the award on all the grounds stated in their bill.

This is clear, and is a bar to the relief sought on well-established principles.

3. If the interpretation of the arbitration law by the complainants' counsel is correct, and that the confirmation of the award was

premature, the opportunity to contest it remained.   The premature judgment could have been suspended by appeal and the execution superseded by petition or writ of error *coram nobis.*

The bill, however, does not seek relief on the untenable ground that the judgment was premature.

If the award was assailable for partiality, for misconduct of Phelps, or for improper conduct, or, indeed, on any of the grounds set up in the bill, they could have been made effectual, if sustained by proof in the circuit court or on appeal to this court from that court.

Cooper, C. J., delivered the opinion of the court.

If the circuit court erred in permitting Willis, the landlord, to amend his affidavit on which his distress warrant had been issued, or in rendering judgment on the award made by the referee against the complainants, who were sureties on the replevin bond given by the tenants, they should have interposed their objection in that court when judgment was about to be entered against them, and appealed from the judgment.   If there is error now there was error then.   The error, if it exists, is apparent on the face of that record, or might have been made to appear by the record which they might have made.   The remedy was plain, adequate, and complete in the court having jurisdiction of the cause, and the complainants, having failed to avail themselves of the opportunity then afforded them, cannot now resort to equity for relief.   *Thomas* v. *Phillips,* 4 S. & M. 358 ; *Jones* v. *Coker,* 53 Miss. 195.          •

If one of the referees to whom the cause was referred was subject to exception because he was related to the landlord, Willis, it is an exception which the tenants, acting in good faith, had authority to waive.   If, as is suggested by the bill in this case, the tenants did desire to set aside the award because of this fact, and took action in the circuit court to vacate it, and the court over their objection confirmed the award, then the judgment, if erroneous, should have been appealed from by the tenants.   By becoming sureties on the replevin bond the complainants became bound to restore the property replevied to answer any judgment obtained in

due course of law against their principals.  A judgment, though erroneous, if not appealed from and reversed, is obligatory on their principals, and because it is, is binding on the sureties.  They voluntarily made themselves parties to the proceeding and cannot be relieved either by a court of chancery, or by direct appeal from a judgment erroneous merely against their principals. The Hollingworths do not join in the bill to attack the judgment for matters coming to their knowledge after the rendition of the judgment at law.  If they are content with the result they are bound by the judgment, and because they are bound so also are their sureties.  *Ammon* v. *Whitehead,* 31 Miss. 99 ;  *Atkinson* v. *Foxworth,* 53 Miss. 733.

*The decree is affirmed.*