# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# APRIL TERM, 1881.

## H. KROSMOPOLSKI *v.* A. J. PAXTON.

1. REPLEVIN. *Failure to seize property. Sect. 2619, Code of 1880, construed.*
   Sect. 2619 of the Code of 1880, in relation to the action of replevin, provides as follows: "If the return of the officer on the writ shall show a failure to take the goods and chattels, but that the defendant has been summoned, the plaintiff may declare and prosecute the action for the recovery of the value of the property and damages for the taking or detention, or for a conversion of the property, as if he had thus commenced his action." This statute was not intended to authorize the conversion of the action of replevin into an action of trover, detinue, or trespass on the case in every instance where there is a return on the writ of "not found" as to the property; but the intention was to allow the plaintiff in replevin to declare for, and prosecute his action for, the value of property not seized under the writ, in those cases only where the property was in possession of the defendant at the time of the commencement of the action, the action in such cases to remain an action of replevin as to the forms of procedure and period of trial. If, at the time of suing out his writ, a plaintiff has no right to maintain replevin because the property is not in the possession of the defendant, he cannot, upon a return of "not found," declare for the value thereof, under the above statute.

2. SAME. *Partial failure to seize property. Declaration in such case.*
   In any case where the plaintiff in replevin would be entitled, under the statute above quoted, to declare for the value of all of the property claimed because there has been an entire failure to seize the same under the writ, he is entitled to declare for the value of a part of the property, if a part of it has been seized and a part has not; and the right to declare for the value of that not seized does not affect the right to declare specifically for that which has been seized.

( 581 )

3. SAME. *Failure to recover value of property. Caution to plaintiff.*
   Where a plaintiff in replevin, having declared under sect. 2619, Code of 1880, for the value of property not seized, fails to recover because the property was not in the possession of the defendant at the time of the institution of the action, care should be taken to state the fact upon which such failure is based, in the verdict or judgment, so as to avoid a plea of *res adjudicata* in any subsequent proceeding to recover such value.

APPEAL from the Circuit Court of Washington County.

Hon. B. F. TRIMBLE, Judge.

H. Krosmopolski sued out a writ of replevin against A. J. Paxton for four bales of cotton. The return on the writ showed that the officer had seized one bale of the cotton, but had failed to find the other three bales. Thereupon the plaintiff filed a declaration, containing two counts, the first being in the usual form in replevin for the one bale seized, and the second being for the value of the three bales not found. The defendant demurred to the declaration, on the ground that the two counts therein were improperly joined. The court sustained the demurrer, and adjudged " that said declaration be dismissed as to the count in trover, with leave to plaintiff to prosecute his suit in replevin." The plaintiff refused to prosecute his suit further, a judgment was rendered against him, and he appealed.

*Percy & Yerger*, for the appellant.

This case comes up for a construction of sect. 2619, Code of 1880. The whole question for the court to decide is, whether the plaintiff can get the benefit of this beneficent section where a part of the property sued for is seized by the officer and a part is not. Had the officer's return shown a failure to seize any of the cotton, no doubt could arise. The plaintiff could proceed at once in trover or detinue on the same writ. Shall he be denied this privilege, because one bale was found, as to the three not found? There should be some insurmountable reason for so violating the spirit of the section.

It is objected that the issue upon one count of the declaration is triable at the return-term, and upon the other, not until the next term. This is not so. The issue upon both counts

is triable at the return-term.   It is in all its parts a proceeding in replevin, statutory in its character, and we must look to the Replevin Act solely for the rules governing it.

Again : it is objected that different judgments would have to be rendered ; upon the one count, against the defendant and his sureties, and upon the other, against the defendant alone. This objection is entirely obviated by sect. 1733 of the Code of 1871.

*A. G. Paxton,* for the appellee.

Sect. 2619 of the Code of 1880 applies only to cases where there is an entire failure to find the property mentioned in the writ of replevin.   The action of the court below in sustaining the demurrer was proper, for the following reasons : —

1. The court had no jurisdiction as to amount on either of the counts, and their joinder was a mere dodge in order to give it jurisdiction.   2. Two distinct issues would have been presented to the jury.   3. Two different judgments would have been required.   4. Two different trials would have been required, and at different terms of the court, for the issue in replevin was triable at the return-term only, unless postponed upon good cause shown ; the other, conversion, was triable only at the next succeeding term after the return-term, and in no case (except by consent, which would not have been given) at the return-term.   See Rev. Code Miss. 1880, p. 471, sect. 1703.

CHALMERS, C. J., delivered the opinion of the court.

Appellant sued out a writ of replevin against appellee for four bales of cotton, under and by virtue of which the sheriff succeeded in finding and seizing one bale only.   A return to this effect having been made upon the writ, the plaintiff (appellant) filed a declaration with two counts : the first, the usual one in replevin for the bale seized, and the second for the value of the three bales not found, basing his right to do this on sect. 2619 of the Code of 1880.   That section is in these words : " If the return of the officer on the writ shall

show a failure to take the goods and chattels, but that the defendant has been summoned, the plaintiff may declare and prosecute the action for the recovery of the value of the property and damages for the taking or detention, or for a conversion of the property, as if he had thus commenced his action.''

We do not think that this section was intended to authorize the institution of an action of replevin in every instance where trover, detinue, or case is the appropriate remedy, and the subsequent conversion of the replevin into one of the last-named actions upon a return of '' not found '' as to the property. Such a construction would result in a universal resort to the action of replevin, since in this way a trial could be had and judgment obtained at the first term of the court, and the defendant's right to an imparlance term be thereby defeated in a large class of actions. We think that the object of the statute was merely to prevent the abatement of the writ where the property sought to be recovered was really in the possession of the defendant at the date of the affidavit in replevin, but the sheriff from any cause failed to seize it. In such cases, and such only, if the defendant has been personally summoned, the suit may progress as a personal action, remaining, however, an action of replevin as to the forms of procedure and period of trial. It will hence be defeated by showing that the property was not in the possession of the defendant at the time of the institution of the action. In other words, the intention was to prevent a defeat of justice and an accumulation of costs in cases where the plaintiff, having a clear right to maintain replevin, was liable, under the old law, to be baffled and thwarted by the secreting or disposing of the property after proceedings commenced, or by the inefficiency of the officer in failing to find it. Where no right to maintain replevin existed originally, it was not intended, under the guise of that writ, to authorize the bringing of detinue, trover, or trespass.

The question presented by the record is, whether the statute

applies where a portion of the property sued for is seized by the officer, and a portion not. If the statute does not apply in such cases, the singular result is produced, that the right of the plaintiff to maintain his suit is broader and more valuable where his writ of seizure wholly fails than where it is partially effective. We think he has a right to the benefit of the statute whether the failure to seize the property is total or partial. In the one case he declares for the value of the whole property, and in the other for the return of so much of it as has been seized and for the value of that portion returned as not found. His right to recover as to either or both depends upon his showing that he is entitled to the possession, and that the possession was, at the date of the filing of his affidavit, wrongfully withheld from him by the defendant. The suit remains, in either event, an action of replevin, and is triable at the first term. Under the provisions of sects. 1732, 1733, of the Code of 1880, there can be no difficulty in shaping the verdict and judgment so as to meet the requirements of the different phases of the case.

Where there is a failure to recover for the property not seized, because it is not shown to have been in the possession of the defendant at the time of the institution of the action, care should be taken to embody this fact in the verdict or judgment, so as to avoid a plea of *res adjudicata* in any subsequent proceeding to recover it.

Reversed, and new trial awarded.