GRISSOM *v.* GENERAL CONTRACT PURCHASE CORPORATION.

(In Banc.  Oct. 27, 1941.  Suggestion of Error Overruled Nov. 24, 1941.)

[4 So. (2d) 303.  No. 34690.]

**E. W. Stennett,** of Jackson, for appellant.

Harold Cox, of Jackson, for appellee.

Argued orally by **E. W. Stennett,** for appellant.

**Alexander, J.,** delivered the opinion of the court.

The action was here instituted in replevin for the possession of an automobile alleged to have been unlawfully detained by appellant and to the possession of which ap-

pellee was entitled. The record is incomplete in respects which would be of importance if the case were not to be reversed.

The requisite affidavit was made before a justice of the peace and for some reason was thereupon attached to and filed with the declaration in the circuit court. The declaration alleges the value to be $250 and that "said automobile is wrongfully detained by and is in the possession of the defendant" and "plaintiff sues and demands judgment of said defendant for the possession of said automobile." The writ and return thereon are not in the record, but a judgment by default recites that the "defendant R. L. Grissom was served with process more than five days prior to this term and that the sheriff has made proper return showing such service of process on the defendant, but no property was seized by the writ of replevin." Putting aside a consideration of the sufficiency of the last clause to justify the prosecution of the action as one for value only under Section 3095, Code 1930 (as to which compare Krosmopolski v. Paxton, 58 Miss. 581, and Meyer v. Mosler, 64 Miss. 610, 1 So. 837), and of the sufficiency of the recitals in the judgment (as to which compare Hogan v. Commercial Credit Co., 150 Miss. 653, 116 So. 298), we give our attention to the further recital of the judgment that "the plaintiff appeared by its attorney and in open court elected to declare and prosecute this action for the recovery of the value of the property in suit." The judgment discloses allowance of a writ of inquiry and a verdict of the jury fixing the value at $250.

The language last quoted is borrowed from the letter of Section 3095, Code 1930, which is as follows: "If the return of the officer on writ shows a failure to take the goods and chattels, but that the defendant has been summoned, the plaintiff may declare and prosecute the action for the recovery of the value of property, and damages for the taking or detention of the property, as if he had thus commenced his action."

In order to avail of the privileges of this section, there must be a change not merely of purpose but of pleading. The plaintiff must "declare" his action as for value before he can so "prosecute" it. The declaration here remains as one for possession as in replevin. The defendant had the right by default in joining issue to waive his defenses to such claim. By his default he did not waive for the plaintiff his duty to follow the procedural requirements of the statute. The defendant may have been willing to stand judgment for possession but not for value, and it is no answer that in a proper case plaintiff in replevin may procure an alternative judgment for possession or value. Other considerations could be advanced to clarify the purpose of the statute, but it is sufficient to state that Section 3097, Code 1930, contemplates that the declaration in replevin will be filed after and in the light of the disclosure of the return on the writ. The right to proceed under Section 3095 was recognized in Krosmopolski v. Paxton, 58 Miss. 581, but the method was not discussed because in that case the suit, as to one count, was declared and prosecuted in the outset as for value. To declare means in pleading, to state by declaration the cause of action. 26 C. J. S., Declaration, 39; Black's Law Dict. (3 Ed.), p. 532. Plaintiff may have "elected" to declare its action for the recovery of the value only; but it did not do so, either by amendment or otherwise. The judgment entered thereunder is, therefore, erroneous and must be set aside. No doubt, upon a rehearing, the other irregularities or deficiencies in the record will be corrected.

Reversed and remanded.