## J. W. BENNETT *v.* W. J. HOLLOWAY.

1. NEW TRIAL. *Motion continued by operation of law.*

   A motion for a new trial, when not disposed of at the term of court at which it is made, is continued, by operation of law, to the next term.

2. REPLEVIN. *What is the proper plea thereto.*

   Under chapter 16 of the Code of 1871, which governs the action of replevin, "not guilty" is the only plea to such action, and any additional plea may be stricken out, on motion, or treated as a mere nullity. Section 597 of the Code, which prescribes what pleas may be joined, has no reference to the action of replevin, but relates to those actions in which several pleas may be pleaded together.

ERROR to the Circuit Court of Lincoln County.

Hon. J. M. SMILEY, Judge.

This was an action of replevin by the defendant in error against the plaintiff in error. The defendant below filed two pleas: one, "not guilty," and the other, a special plea. The plaintiff then made a motion for a judgment, on the ground that the defendant had pleaded two pleas which could not be joined in law. The motion was sustained, and judgment rendered for the plaintiff. The defendant made a motion for a new trial, which was not disposed of at that term, but at the next term an order *nunc pro tunc* was entered, overruling the motion, and reciting that it had, in fact, been overruled at the

previous term, but that, by neglect of the clerk, no entry of the order was made.

*R. H. Thompson*, for the plaintiff in error.

1. Were the pleas improperly joined? Our Code (sec. 599) provides that affirmative matter must be specially pleaded, or notice thereof must be given under the general issue. It is the better practice to plead, and, consequently, the defendant below had the right to plead the matter, if affirmative, specially. But it was necessary to plead the justification claimed by the defendant specially, aside from the statute. 10 Vt. 557; 1 Saund. 298, note 1; 3 Stark. on Ev. 1447; 3 Wils. 376.

2. The order overruling the motion for a new trial *nunc pro tunc* was regular. Freem. on Judg., sec. 61.

3. That the verdict was contrary to the evidence is manifest. This court will be justified from the record in this case in rendering such a judgment here as the court below should have rendered. The facts are admitted, the judgment thereon is a question of law.

*Sessions & Cassedy*, for the defendant in error.

1. The order *nunc pro tunc*, overruling the motion for a new trial, was without authority of law, the motion having been made and determined at a previous term of the court. Section 627 of the Code of 1871 only authorizes amendments of judgments that have been entered, where there has been a " mistake," etc. It does not permit an entire judgment to be rendered, where there was no judgment before. *Ralph* v. *Preston*, 6 Cushm. 744; *Rhodes* v. *Sherrod*, 8 Smed. & M. 101; *Boone* v. *Boone*, 8 Smed. & M. 321; *Dickson* v. *Hoff*, 3 How. 165; *Moody* v. *Grant*, 41 Miss. 565.

2. The court did not err in sustaining the motion of the plaintiff for a judgment because of the misjoinder of pleas. Such judgment was warranted by section 597 of the Code of 1871.

3. As we do not regard the action of the court below, in overruling the motion for a new trial, as before this court, we

do not deem it necessary to discuss the sufficiency of the evidence to sustain the verdict.

Campbell, J., delivered the opinion of the court.

The motion for a new trial, not having been disposed of at the term at which it was made, was still pending, and was continued by operation of law, and was properly acted on at the next term.   *City of Vicksburg* v. *Hennessey*, 52 Miss.

It was erroneous to render judgment for the plaintiff below on his motion, based on the ground that the defendant had pleaded "two pleas that cannot be joined in law." This action of the court was based on a misconception of section 597 of the Code, which has no reference to the action of replevin, which is governed by chapter 16 of the Code. The plea of not guilty is the only one provided for in replevin, as regulated by that chapter of the Code, and any additional plea may be stricken out, on motion, or treated as a nullity, but section 597 relates only to those actions in which several pleas in bar may be pleaded together.

The evidence entitled the defendant below to the verdict, and the motion for a new trial should have been granted.

The judgment is reversed and the verdict is set aside, and the cause is remanded for a new trial, the plaintiff in error to recover of the defendant in error, not only the costs of this case in this court, to be taxed, but all the costs he was required to pay as the condition of having set aside the judgments erroneously entered against him on the motion of the plaintiff below.