## PHIPPS VS. MARTIN.

1. WITNESSES. *Husband and wife.*
   Husband and wife are not competent witnesses for or against each other.

2. LIMITATIONS. *Exceptions, Replevin.*
   Three years is the limitation in the action of replevin; but the statute makes
   an exception in favor of infants.
3. PARTUS SEQUITUR VENTREM.
   The brood of an animal belongs to the owner of the dam.
4. TITLE, EVIDENCE OF. *Declaration of Owner.*
   Declarations of the owner of property as to the title to it, are competent.
   evidence of the title, but not conclusive.

APPEAL from *Marion* Circuit Court.

Hon. ————— Circuit Judge.

ENGLISH, CH. J. :

On the 25th of January, 1875, William J. Martin, an infant, by his next friend, Mary E. Martin, brought an action of replevin before a justice of the peace of Marion County, against John P. Phipps, for a bay mare with a star in her forehead, a bay filley with a white hind foot, and a dark bay mule colt. The filley and mule colt were offspring of the mare.

There was a jury trial before the justice, and the jury could not agree upon a verdict. When the case was called for trial again, it was dismissed for want of jurisdiction, on motion of the defendant, and plaintiff appealed to the Circuit Court.

The case was tried in the Circuit Court by a jury, the defendant relying for defense on the three years statute of limitations, and a general denial of plaintiff's cause of action ; the verdict was for plaintiff, motion for a new trial overruled, final judgment on the verdict, bill of exceptions, and appeal by defendant.

The grounds of the motion for a new trial were :

*First*—Verdict contrary to law, evidence and the instructions of the court.

*Second*—Court erred in refusing to permit Nancy Phipps, wife of defendant, to testify in his behalf.

*Third*—Court erred in giving the 3rd, 4th and 6th instructions moved for plaintiff.

*Fourth*—Court erred in refusing 7th and 8th instructions asked for defendant.

*Fifth*—Judgment contrary to law, etc.

1.   The form of the verdict was:   " We the jury find for the plaintiff in all the material issues, and we find the bay mare worth $60, the filley $50, and the mule $25."

The judgment was for the property, or if not delivered, its value as found by the jury.

The verdict and judgment were substantially in good form.

On the trial, Ann Jones, the widow of William Jones, and the mother of Mary E. Martin, plaintiff's next friend, and the grand mother of plaintiff, and also the mother of Nancy Phipps, wife of defendant, testified in substance, that plaintiff William J. Martin, was fourteen years of age in March, 1875. That William Jones, her husband and grand father of plaintiff died about the last day of May, 1871, and on the last Saturday before his death, he gave the bay mare in controversy, to the plaintiff. That her husband had owned and raised the mare from her folding, and had never sold or given her away before he gave her to plaintiff. That he deeded her to plaintiff, and at the same time pointed out the mare where she was standing near the yard, and when he was lying in bed.

That her daughter Nancy, who married defendant Phipps, never owned the mare, but defendant obtained possession of the mare, after he married Nancy, and after the death of William Jones, and claimed her ever afterwards. That the filley and mule colt were the offspring of the mare after she went into possession of defendant.

The testimony of Ann Jones, was corroborated by that of Mary E. Martin.

The plaintiff also introduced a deed of gift for the mare executed to him by his grandfather, William Jones, dated 26th May, 1870, duly acknowledged and recorded.

The defendant proved declarations of William Jones, conducing to show that the mare belonged to his daughter Nancy, while she lived with her father, and before she married defendant.

The evidence as to the title of the mare was conflicting, but the question of ownership was fairly submitted to the jury, under the instructions of the court, and their verdict was not without evidence to sustain it.

2.   The defendant offered to introduce his wife, Nancy, as a witness in his behalf, and to prove by her that the mare in controversy belonged to her while she lived with her father, and when she married defendant, but the court excluded her as an incompetent witness for her husband.

This ruling was in accordance with the decision of this court, in *Collins* v. *Mack*, 31 Ark., 684, where the subject was fully discussed.

3.   The 3rd, 4th and 6th instructions, given by the court on behalf of plaintiff, against the objection of defendant are as follows :

"(3).   You are instructed that the statute of limitations does not run against the plaintiff in this suit, if you find from the evidence that he was a minor under the age of twenty-one years at the commencement of the suit.

"(4).   You are instructed that the filley and mule in controversy, are the property of the legal owner of the bay mare in question, if you find from the evidence that the said mare is the mother of said filley and mule.

"(6). · A mere declaration that property belongs to another made by the owner, does not confer the title, though it may be some evidence of it."

Three years is the limitation to the action of replevin. (Gantt's Digest, Sec. 4120 ; *Ford* v. *Ford*, 22 Ark., 135) but Sec. 4130, Gantt's Digest, makes an exception in favor of infants, and it was proven that plaintiff was an infant when the suit was commenced, hence the court did not err in giving the *third* instruction moved for plaintiff.

The *fourth* instruction was also properly given.    The filley and the mule being the offspring, or increase of the bay mare in controversy, followed her condition as to ownership. *Partus Sequitur Ventrem.*    The brood of an animal belongs to the owner of the dam.    Burrill's Law Dic.

The *sixth* instruction was doubtless given in relation to the declarations of William Jones, introduced in evidence by defendant, that the mare belonged to his daughter Nancy. These declarations appear to have been made before the execution, by William Jones, of the deed of gift to plaintiff, and were competent evidence, but not conclusive.

4.    The *seventh* and *ninth* instructions moved for defendant and refused by the court, follow ;

"(7).    If the jury find from the evidence that plaintiff neglected or failed to commence his suit for over three years from the time his right of action accrued, they must find for defendant.

"(9).    If the jury find that the bay filley and mule colt have been bred and raised by the defendant, while the dam was in his lawful possession, the plaintiff cannot recover for them."

Both of these instructions were properly refused by the court, as above shown.

Affirmed.