### WM. HENRY v. MATTIE DILLARD.

1. HUSBAND AND WIFE. *Transfer between. Code* 1880, § 1178. *Case.*

   A husband bargained for a horse but failed to pay therefor, and by agreement with the seller, his wife was substituted to his purchase and paid the price with the proceeds of cotton which her husband gave her for assisting in his crop. She traded the horse for a mare. *Held*, in replevin by her against one claiming the mare under a trust-deed from her husband, that her acquisition of title was not within the meaning of § 1178, code 1880, which avoids, as to all third persons, unrecorded transfers between husband and wife.

2. REPLEVIN. *Verdict. Separate valuation.*

   A verdict in replevin will not be set aside because the jury fail to separately value a mare and her young colt, these being so intimately connected as to be ordinarily considered as one.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

The husband of appellee purchased a mare upon credit under an agreement with the seller that if payment was not made in the fall, title should not pass. The husband was unable to pay, and his wife, the appellee, under an agreement with the seller, was substituted as purchaser in place of her husband, and paid for the mare with the proceeds of a bale of cotton, which her husband had given to her for aid rendered him in his crop. Appellee traded this mare for another, which afterwards had a colt. Some time after that, the husband executed a trust-deed to appellant Henry on his crops and stock, to secure an account for supplies furnished and to be furnished by Henry. The trust-deed was upon certain stock by name, and also upon "all other stock in my possession." The debt secured by the trust-deed was mainly contracted after the cotton was turned over to the wife by the husband, but a few items in the account bear date prior to that time.

Appellant's trustee having obtained possession of the mare and colt, Mrs. Dillard brought this action of replevin to recover the same. Besides claiming ownership of the mare and colt, appellee contended on the trial that the above-mentioned general description, under which appellant claims them, was interlined without

authority and after the execution of the trust-deed.  The jury found in favor of the plaintiff, and valued the mare and colt at $75.

The defendant Henry invoked as against Mrs. Dillard, § 1178, code 1880, which is as follows : " No transfer or conveyance of goods and chattels, or land between husband and wife shall be valid as against any third person, unless such transfer or conveyance be in writing, and acknowledged and filed for record as a mortgage or deed of trust of such property is required to be filed for record, and in such cases, possession of the property shall not be equivalent to filing the writing for record, but, to affect third persons, such writing must be filed for record."

In addition to this point, appellant made it a ground of objection in a motion for a new trial that the verdict failed to separately value the mare and colt.   The motion for a new trial was overruled and defendant appealed.

*T. H. Campbell,* for appellant.

The property was in the possession of the husband, and the title thereto passed under the trust deed.   The contract to pay his wife for labor was void, and no title passed to the wife by virtue of it.   Plaintiff contends that while the contract was void, the gift to the wife of the cotton was valid, as the husband was not indebted to defendant; but the proof shows that he was indebted for a part of the items furnished at the time he gave his wife the cotton.   But even if he had not been indebted, § 1178 will avoid the transfer.   I submit the court erred in holding that this section applies only where the specific property given to the wife is in controversy.   Her right is no better to property gotten in exchange than that derived by an invalid gift from her husband.   See 60 Miss. 549 ; 61 Ib. 409 ; 62 Ib. 68.

The judgment must be reversed for failure to separately value the mare and colt.   *Thomason* v. *Wadlington,* 53 Miss. 560 ; *Atkinson* v. *Foxworth,* 53 Ib. 733.   The defendant might wish to keep the colt and return the mare, and *vice versa,* but under the judgment of the court he could not do it.   It is not infrequent that colts are sold separately.

*C. H. Perkins* and *Calhoon & Green,* for appellee.

1. Section 1178 has no sort of relevancy to the facts of this case. It was aimed at conveyances of property belonging to a husband or wife. Once belonging to either, and publicly held out as being owned by either, the statute, in the interests of creditors, denounces any secret transfer to the other. It would be a curious construction of the statute to apply it where a husband had given the wife money, and she had bought a horse with it, and yet could not maintain her action of replevin for the horse against a third party.

2. In this case the husband owed appellant nothing when the wife acquired the horse. If the vendor of the horse sold it to her, she should win in replevin, whatever relief a court of equity might give, if applied to by a proper proceeding.

Argued orally by *C. H. Perkins,* for appellee.

Woods, C. J., delivered the opinion of the court.

We concur in the findings of facts and the judgment of the court below. Those facts, fairly considered, put the rights of the appellee to the property in suit, wholly outside of the reach of the rule established by section 1178, of our code.

The court, too, correctly refused to vacate the judgment, because, as alleged in appellant's motion for a new trial, there was no separate finding of the value of each article. A mare and her young offspring may, we think, be properly considered, according to common understanding, as so necessarily and intimately connected together, as to constitute one whole. In *Drane* v. *Hilzheim,* 13 S. & M. 336, a barouche and harness were regarded as parts of one whole, and the court refused to award a new trial, because but one value was placed by the jury upon both. The union of a dam and her tender offspring must be conceded to be more intimate than that between a vehicle and its harness.

*We concur in the judgment of the circuit court, and the same is affirmed.*