## CAIN v. CODY.*

### No. 14,412; April 29, 1892.

29 Pac. 778.

**Replevin—Damages.—In an Action to Recover Possession of** certain charcoal, and damages for its detention, the verdict was as follows: "We, the jury, . . . . find judgment for plaintiff in the following amount, to wit: Value of coal, $546; damages in pursuit of recovery of property, $384; total, $930." Held, that the verdict was a general finding that plaintiff was entitled to a return of the property, and a special finding as to value and damages.

**Replevin—Damages.—It was Proper to Allow Damages as com-**pensation for the time and money expended in pursuit of the property.

**Replevin—Amendment of Complaint.—In Replevin, upon the** Introduction of plaintiff's evidence as to the quantity and value of the coal alleged to be withheld, there was no abuse of discretion in permitting an amendment of the complaint so as to allege the detention of a larger quantity of coal, of greater value, and correspondingly increased damages.[1]

APPEAL from Superior Court, Mono County; O. F. Hakes, Judge.

Action by James S. Cain against M. J. Cody to recover possession of certain personal property and damages for its detention. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

---

*Rehearing granted.

[1] Cited and disapproved in Manitowoc Malting Co. v. Fuechtwanger, 169 Fed. 986, where, on a matter of amending a pleading, it is held a federal court is not bound to follow state courts in their construction of local statutes.

W. H. Virden (Reddy, Campbell & Metson of counsel) for appellant; W. O. Parker for respondent.

VANCLIEF, C.—Action to recover possession of personal property (two thousand eight hundred and fifty bushels of charcoal) or the value thereof, in case a delivery cannot be had, and $384 damages for the wrongful detention thereof. The defendant denied that plaintiff was owner or entitled to possession of the property, denied that the value thereof exceeded $100, and denied all damages. But he avowed the taking and detention, and justified the same as sheriff, under a writ of attachment at suit of W. T. Elliot against one Hock Chung, alleging that the charcoal was the property of Hock Chung, and subject to the attachment. The cause was tried by a jury, whose verdict was as follows: "We, the jury impaneled to try the case in which J. S. Cain is plaintiff and M. J. Cody is defendant, find judgment for plaintiff in the following amount, to wit: Value of coal, $546; damages in pursuit of recovery of property, $384; total, $930." Upon this verdict the court rendered judgment that plaintiff recover possession of the charcoal described in the complaint, "to wit, 2,850 bushels, more or less," or the sum of $546, the value thereof, in case delivery cannot be had, and the sum of $384 damages for the detention of said personal property, together with plaintiff's costs. No objection to the form or substance of the verdict appears to have been made in the court below until twenty-two days after the verdict was recorded and the jury discharged.

1. It is urged by counsel for appellant that the verdict is insufficient, because it fails to find "the right of the plaintiff to the possession of the property," and therefore furnishes no basis upon which the judgment for a return of the property, or for the value thereof in case a return could not be had, can stand. Though informal, I think the verdict may be fairly construed to be a general verdict for the plaintiff, besides separately and specially finding the value of the property and assessing the damages. This general verdict for plaintiff responds to all issues as to which the law does not require a special verdict, and implies a finding that plaintiff was owner and entitled to the possession of the property, since no special verdict to this effect is required in an action of this kind:

Etchepare v. Aguirre, 91 Cal. 288, 25 Am. St. Rep. 180, 27 Pac. 668; Mendelsohn v. Anaheim Lighter Co., 40 Cal. 657. The word "judgment" was evidently used by the jury in the sense of the word "verdict."

2. It is contended that the verdict is erroneous, for the reason that the jury allowed as damages compensation for the time and money expended in pursuit of the property. This question was well considered, and decided adversely to the views of appellant in the late case of Arzaga v. Villalba, 85 Cal. 191, 24 Pac. 656. Whether or not these damages should have been specially pleaded is not involved in this case, since no objection to the evidence thereof was made on this ground in the court below, and no point upon this question is made by counsel here.

3. During the trial, while the evidence for plaintiff as to the quantity and value of the coal was being given, plaintiff moved the court for leave to amend his complaint by inserting two thousand eight hundred and fifty bushels of charcoal, instead of about fifteen hundred bushels, and by inserting the sum of $712.50 as the value thereof, instead of $400, and by striking out the sum of $200 damages, and in lieu thereof inserting $384. The court took the motion under advisement until the evidence was closed, but before the case was submitted to the jury the court granted the motion. Before retiring, a juror, from his place in the box, asked the court if plaintiff's motion to amend his complaint was granted, and the court answered that it was. These amendments were not actually engrossed in the complaint until after the verdict of the jury had been rendered and recorded, when plaintiff's counsel asked the court to instruct the clerk to insert them in the complaint. The court so instructed, and the clerk then inserted them according to the order of the court; but the amendment as to the number of bushels of coal does not appear in the copy of the complaint in the transcript. It is insisted that the court erred in allowing these amendments. That it was within the discretionary power of the court to allow these amendments for the purpose of conforming the complaint to the evidence on the part of plaintiff, and that the action of the court in this respect will not be regarded as reversible error unless it appears that the defendant may have been injured thereby, seems to be well settled: Hooper v. Wells,

27 Cal. 35, 85 Am. Dec. 211; Farmers' etc. Bank v. Stover, 60 Cal. 387; Cheney v. O'Brien, 69 Cal. 200, 10 Pac. 479; Walsh v. McKeen, 75 Cal. 519, 17 Pac. 673. As to the number of bushels of coal, I think the amendment was unnecessary. The coal sued for was described in the complaint as being all the coal then in two certain buildings, and as being "about 1,500 bushels." The first part of the description, viz., "all the coal then in the two buildings," was sufficient to enable the officer or any person to find and identify the property sued for; and was limited by the last part of the description, "about 1,500 bushels," as it might have been had it been necessary to segregate or distinguish the coal sued for from other coal in the same buildings. Besides, there was no issue as to the quantity or identity of the coal sued for. The pleadings show that each party claims the same coal by the same description, to wit, all the coal in the two buildings. The defendant claims to have rightfully taken possession of it by virtue of writs of attachment and execution. Had the defendant prevailed in the action, he, as against the plaintiff, would have been entitled to the possession of all the coal in the two buildings at the time the action was commenced, even though the complaint had not been amended, and though the quantity had been proved to be two thousand eight hundred bushels, "more or less." As to the value of the coal, and as to the amount of damages, the pleadings were at issue before the complaint was amended; and it must be presumed, in the absence of a showing to the contrary, that the defendant was as well prepared as he could have been, with evidence, to reduce both the value and the damages to the lowest possible figure; and consequently that no additional preparation was necessary to meet or disprove the amendments of the complaint as to such value and damages; and as it does not appear that defendant stated to the court any ground or reason for his objection to the proposed amendments, or asked for any postponement of the trial to enable him to procure additional evidence, it is difficult to conceive how those amendments could have been unjustly prejudicial to his defense. On the contrary, so far as material, they appear to have been in furtherance of justice. Surely no abuse of the discretionary power of the court is made to appear.

4. For reasons above stated, the description of the property in the judgment, being the same as that contained in the complaint, is sufficiently definite.

5. Appellant's points on the admission of evidence on the part of plaintiff are not sufficiently plausible to require special consideration.

6. The instructions given to the jury were quite as favorable to the defendant as he was entitled to ask. The instruction asked by defendant, numbered 4, so far as correct, was embodied in the instruction given numbered 1. If there had been no evidence of a sale from McBride to plaintiff of a part of the coal sued for, the court might have so instructed the jury, as that was a question of law; but if, in the opinion of the court, there was evidence tending to prove such sale, the question as to whether such evidence was sufficient to prove a sale of all the coal, or only a part of it, was the only question that could have been properly submitted to the jury; and since it clearly appears that the evidence tended to prove a sale of all the coal sued for, it follows that, so far as the requested instruction submitted to the jury the question as to whether or not there was any evidence of such sale, it was erroneous, and was properly refused. The requested instruction numbered 6 was properly refused, for the reason (if for no other) that it excluded damages as compensation for time and money expended in pursuit of the property. So far as the requested instruction numbered 8 is correct, it is substantially embraced in the instructions given numbered 3, 6, and 7. I think the judgment and order should be affirmed.

We concur: Belcher, C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.