MARY McKEAN *v.* JOHN MATHEWS APPARATUS CO.

REPLEVIN. *Reservation of title. Failure of consideration. Admissibility of evidence.*

In replevin by the vendor in a contract containing a reservation of title until payment of the purchase money, the vendee or his assignee may defend by proving a failure of consideration, in that the subject of purchase, by reason of latent defects, did not come up to the representations made by the plaintiff at the time of sale, such proof being in legal contemplation the equivalent of payment. *Bloodworth* v. *Stevens*, 51 Miss., 475; *Bates* v. *Snider*, 59 Miss., 497; *Gabbert* v. *Wallace*, 66 Miss., 618; *Dreyfus* v. *Cage*, 62 Miss., 733, cited.

FROM the circuit court of Warren county.

HON. W. K. McLAURIN, Judge.

The opinion contains a sufficient statement of the case.

*Booth & Anderson*, for the appellant.

1. Where the action of replevin is really for the enforcement of a security, as in this case, the amount due is a proper subject of inquiry, and if the defendant has paid a part of the debt, the judgment should show the unpaid balance and provide that its payment should be a discharge of the judgment. *Bates* v. *Snider*, 59 Miss., 497; *Dreyfus* v. *Cage*, 62 Miss., 738; *Gabbert* v. *Wallace*, 66 Miss., 624. The reasoning applicable to a case where there has been a partial payment applies with equal force to one where there has been a breach of warranty or failure of consideration. By allowing the defendant to avail of the defense by way of recoupment, a multiplicity of suits is avoided. *Bloodworth* v. *Stevens*, 51 Miss., 475. Our statute, moreover, limits the plaintiff's recovery to his interest in the property. Code 1892, § 3726.

2. It was not necessary for the defendant to plead specially the failure of consideration she offered to show. The plea of

"not guilty" was the proper plea, and under it any matters of defense, whether affirmative or negative, might be given in evidence. *Bennett* v. *Halloway,* 55 Miss., 213; code 1871, § 1532; code 1892, § 3725.

*Dabney & McCabe,* for the appellee.

Although the decisions of this court cited by opposing counsel, beginning with *Bates* v. *Snider,* 59 Miss., 497, are at variance with the doctrine that in replevin only the question of possession is involved, we do not criticise, but, on the contrary, approve them. They are correct, but we insist that the rule they announce should not be carried further. In none of them was any question raised save one of accounting—the ascertainment of the balance due on an indebtedness. To allow the defense relied on in the present case would be to put the plaintiff at the defendant's mercy, for the action being primarily a possessory one under the statute, in the absence of a special plea setting up the defense, the plaintiff would be wholly unprepared to meet it. In the cases cited the plaintiff would naturally come into court prepared to prove some indebtedness.

WHITFIELD, J., delivered the opinion of the court.

The record is exceedingly vague as to the character of sale made to Mrs. McKean. But interpreting the meager statement on this point, "admission of sale to Mrs. McKean by Hill & Loeshcher"—in itself ambiguous—in the light of other facts in the record, and the ground of objection made to the testimony offered by appellant to show failure of consideration, arising from fraud in concealing a latent defect in goods manufactured by appellee, and known to appellee, and to the manifest course of the trial in the court below, and to the argument of counsel here, it appears pretty clearly that Mrs. McKean was the assignee of such rights in the contract of sale to Hill & Loeshcher as Hill & Loeshcher had, and hence succeeded to the exact rights they had. The written contract contained an

express warranty against latent defects.   Mrs. McKean had notified appellee of the alleged latent defects, and that defense would be made against payment of the balance on that ground. The case, under our decisions, is one of conditional sale, the reservation of title in which is intended only as a security for the purchase price, and in which, if the property is recovered by the seller, "he must deal with the property sold as security, and with reference to the equitable rights of the purchaser." *Foundry Co.* v. *Pascagoula Ice Co.*, 72 Miss., 615; 18 South., 365, and authorities cited.

On the trial in the court below, the appellant offered to prove "that the property described in the declaration did not come up to the representations made by plaintiff at the time it was purchased by Hill & Loeshcher; that there were latent defects in it which materially impaired its value, and were such as could not be discovered by defendant at all; that, about three and a half years after the purchase was made, these defects were developed by a proper use of the machinery; that, after the plaster of Paris which had been put upon the generator wore down, it was discovered there were plugs in the casting of the generator, which were evidence of the fact either that the generator was a worn second-hand machine, or that there was a flaw in the generator material—the original material out of which it was made—and the result of which was to render the machine absolutely unfit for use, and that the true value of the generator, by reason of the defects, at the time of the purchase, was $300 less than the amount agreed to be paid therefor; that plaintiff was promptly notified of this condition of the generator, and that she would not make further payments on the purchase price."   Defendant objected to this on the ground that it was not competent to make such defense in an action of replevin, which objection was sustained, and the testimony excluded, appellee excepting.   And this ruling of the court is the controlling point presented here.

In *Bates* v. *Snider*, 59 Miss., 497, it was ruled that, under

our statute, the amount due is a proper subject of inquiry, and that the judgment should show the amount due, so that the defendant, by its payment, might free his property of the charge upon it. See, also, *Gabbert* v. *Wallace*, 66 Miss., 618, and *Dreyfus* v. *Cage*, 62 Miss., 733. Our statute (§ 3726, code 1892) provides that the plaintiff's recovery is limited to his "interest" in the property. The principle is that the defendant in an action of replevin, under our statute, may prove payment in part or whole, and so reduce or discharge the debt for which the property replevied is held, without the expense and delay of a cross action. *Bloodworth* v. *Stevens*, 51 Miss., 475, very clearly sets forth the principle. If payment in whole or in part may be shown in one mode, as in cash, we can see no sound reason for holding that what amounts to payment—failure of consideration in whole or in part, which is merely payment in another mode—may not also be shown. There is no maintainable distinction between the cases. And the same reasons of convenience, avoiding multiplicity of suits, costs, etc., obtain in the one case as in the other. We think the testimony should have been received.

*Reversed and remanded.*