William H. McCarty v. James G. Key.

[39 South. Rep., 780.]

1. Replevin. *Deed of trust. Evidence. Burden of proof. Laborer's lien.*

   The trustee in a deed of trust who brings replevin for agricultural products alleged to be conveyed by the deed may rest his case against a defendant claiming the property under a laborer's statutory lien (Code 1892, § 2682) upon *prima facie* evidence of his right to the possession of the property, and he will be entitled to recover if the defendant fail to rebut the case made by such evidence.

2. Same. *Affidavit. Amendment. Individual name. Recovery as trustee.*

   Under an affidavit in replevin averring that the plaintiff, by his individual name, without any addition, is entitled to the immediate possession of property, it is not error to admit evidence showing that plaintiff, "as trustee," is so entitled. In such case, however, it is proper to permit the affidavit to be amended.

From the circuit court of, second district, Carroll county.

Hon. J. T. Dunn, Judge.

Key, the appellee, was plaintiff, and McCarty, the appellant, was defendant in the court below. From a judgment in plaintiff's favor defendant appealed to the supreme court.

Reeves executed a trust deed to Moore, trustee, to secure certain existing indebtedness and advances to be made to him by Fox, to whom he delivered a note for the amount of the indebtedness. The agreement in the trust deed was "that said property is now free from all general and special taxes and judgments, decrees, and liens of all kinds." It pledged certain crops, etc., to the payment of the debt. The debt so secured became due and payable, and Reeves failed to pay the same; and Moore, the trustee, having refused to act, Key, the appellee, was substituted in his

stead as trustee and sued out a writ of replevin against McCarty, the appellant, who had come in possession of a bale of cotton, which had been delivered to him by Elizabeth, an infant daughter of Reeves, who had lived with her father and worked under his direction in the cultivation of the crop. The daughter claimed that the cotton had been given to her in payment for her services. Reeves requested the ginner to mark the bale of cotton with his daughter's initials, but the ginner refused to do so, for the reason that he had not previously had notice that the cotton belonged to any one but Reeves, and did not know that Elizabeth was a wage hand. The cotton was taken to market by Elizabeth, the daughter of Reeves, and delivered to McCarty. Key, in his affidavit in replevin, did not designate himself as "trustee," and signed his name without adding the word "trustee."

*McClurg, Gardner & Whittington,* for appellant.

The affidavit in replevin should have been made by Key as trustee; and while amendments are liberally allowed, it was never intended that amendments should be allowed so as to make entirely new parties.

In instruction number one for appellee the trial court announced to the jury that the burden of proof was on the appellant, defendant below. This is not a correct announcement of the law, and it was error to grant this instruction. *Porter* v. *Still,* 63 Miss., 357. It was incumbent upon the appellee to prove that the bale of cotton in controversy was subject to the deed of trust, yet this instruction places the burden upon the appellant to show that it was not subject to the deed of trust of appellee. A novel proposition!

By statute the laborer's lien is paramount to the deed of trust, and if the lien of the laborer has not been established in this case, we undertake to say that it would be impossible to establish such a lien.

*Hughston & McEachern,* for appellee.

The defendant did not attempt to show the invalidity of the trust deed; he only attempted to avoid the claim of plaintiff by showing that he held a superior lien on the property. This being an affirmative defense, the burden was·upon him to show his contract and lien; and the court announced this rule in all the instructions asked by the plaintiff and defendant, and neither party can complain.

The court did not err in refusing the peremptory instruction asked by appellant. There were sufficient facts to justify the finding of the jury; they are sole judges of the credibility of the witnesses and sufficiency of the evidence, and their discretion is large.

The daughter's claim was concocted by her and her father after the crops were gathered, in order to defeat Fox of his rights.

Calhoon, J., delivered the opinion of the court.

That Moore, the original trustee, refused to act, is plainly to be seen of record. When it was shown, as it was, that the cotton was *prima facie* embraced in the original trust deed, it was not error to devolve the proof on the laborer that the bale in controversy was not involved in it, because of the laborer's lien under the statute.

We decline to hold that because Key, the substituted trustee, sued out the replevin by affidavit in his own name, without adding the word "trustee," therefore he must fail in showing that he held it as trustee, and it was proper to allow amendment accordingly, if any was needed.

There is no error in the admission of evidence on the issue before the jury.

*Affirmed.*