## MUNN *v.* POTTER.

[71 South. 315.]

1. CHATTEL MORTGAGES. *Possession. Right to. Validity. Compounding offense. Replevin. Evidence. Admissibility.*

   Payment extinguishes mortgages or deeds of trust under Code 1906, section 2782, so providing.

2. CHATTEL MORTGAGES. *Validity. Compounding offense.*

   If a deed of trust is executed in consideration of an agreement on the part of the beneficiary therein to compound a felony, it is void.

3. REPLEVIN. *Evidence. Admissibility.*

   Since under Code 1906, section 4232, the general issue is the only plea allowed in replevin, evidence showing the invalidity of the trust deed on which plaintiff bases his claim, on that it has been extinguished by payment is admissible under the plea of the general issue without special plea.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Replevin by M. R. Potter, Trustee, against L. Munn. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*W. I. Munn,* for appellant.

*J. D. Carr,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment in an action of replevin, awarding appellee, trustee in a deed of trust executed by appellant, the possession of two mules covered by the deed of trust.

On the trial the court below erroneously excluded evidence offered by appellant to prove that the debt, to secure which the deed of trust was given, had been paid, and that the deed of trust was executed by appellant

pursuant to a promise by the beneficiaries therein not to prosecute him for having obtained from them under false pretenses goods of the value of four hundred dollars. If the deed of trust has been paid, appellee's right to the possession of the mules has been extinguished (section 2782, Code 1906) ; and if it was executed in consideration of an agreement on the part of the beneficiaries therein to compound a felony, it is void.

The ground upon which this evidence was excluded seems to have been that the facts sought to be proven had not been pleaded in bar of the action. Special pleas are not allowed in actions of replevin, and the evidence offered was admissible under the general issue. Code 1906, section 4232; *Bennett* v. *Holloway,* 55 Miss. 211.

*Reversed and remanded.*