HOGAN *et al. v.* COMMERCIAL CREDIT CO.*

(Division A.   March 26, 1928.)

[116 So. 298.   No. 27017.]

*Corpus Juris-Cyc. References: Replevin, 34Cyc, p. 1396, n. 17, 18; p. 1495, n. 64; p. 1507, n. 59; As to the general rule of necessity for possession of property in defendant to support replevin, see 23 R. C. L. 874.

*Magruder, Walker & Magruder,* for appellant.

654

*Will E. Ward,* for appellee.

McGowen, J. This was an action of replevin instituted by the Commercial Credit Company against J. B. Hogan et al., in the circuit court of Oktibbeha county. The suit was for the recovery of possession of a specifically described Marmon automobile. The record of the case contained the affidavit of replevin, declaration in replevin, stenographer's notes, and the judgment of the court below in favor of the plaintiff in replevin, appellee here. The writ of replevin, if one was ever issued, and

the return of the officer on same showing a levy on the automobile in question, is not in the record of this proceeding, nor is there anything else in it showing that a levy was made. There was no evidence in the record showing that the defendant, appellant here, was in possession of the property. The plaintiff, appellee here, showed that the property, the automobile here in question, was valued at one thousand dollars. The appellant filed a plea of the general issue of not guilty, as provided by section 3266, Hemingway 1927 Code (section 4232, Code 1906). There was a notice under the general issue, which it is unnecessary to set out here, as the case was tried in the appellant's absence.

It is fairly deducible from this record, though no written instructions are contained herein, that the court gave a peremptory instruction to the jury to find for the plaintiff and fix the value of the property involved. The written instruction requested by the defendant, and marked "refused" by the court, is in the record. The jury returned a verdict in favor of the plaintiff, appellee here, and fixed the value of the property in controversy at one thousand dollars. The interest of the appellee in the automobile was shown to have exceeded that amount, as disclosed by the conditional contract, note, and the oral testimony in the case.

In a replevin suit, it is essential to the maintaining of plaintiff's case that he show that the defendant was in possession of the property, and that said possession was unlawful. This record is absolutely lacking in proof or any evidence that any writ of replevin was ever issued, save the recitals in the judgment from which this appeal is prosecuted. It was necessary that a levy by the sheriff on the property to be taken in replevin be shown; it was necessary that a writ of replevin be issued; and it was necessary that the record should show that the appellant was in possession of the property. The plea of not guilty filed by the appellant, J. B. Hogan, put in issue all of the

material facts in the declaration, one of which was that the defendant, appellant here, was in possession. of the property. 23 R. C. L., p. 874, section 26; *Id.* p. 931, section 102.

We do not think the affidavit in replevin would be proof of any fact; nor does the notice filed by the defendant, the appellant, under the general issue, admit possession. While the judgment recites that it is rendered against the appellant, Hood, and the sureties on his bond, no such bond appears in this record. For the failure of proof that the appellant was in possession of the property, and for the failure to show a levy on the property by the proper officer, this case must be reversed. The judgment of the lower court indicates to us there must have been a levy and a forthcoming bond, and that the appellee could have shown these facts. For these reasons, we do not think the appellant is entitled to a judgment here, but that the merits of the controversy can be fully developed by another trial.

*Reversed and remanded.*