## VALENTINE v. LITTLE.

(Division A. Nov. 2, 1931.)

[137 So. 329. No. 29556.]

**H. M. McIntosh**, of Collins, for appellant.

**J. A. Mortimer**, of Belzoni, and **S. V. Little**, of Mize, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee in replevin for the recovery of an automobile truck, and the appeal is from a judgment for the defendant.

The appellant sold the truck to Hinton on credit, reserving title thereto until paid for. Hinton, who still owes the appellant for the truck, gave a deed of trust thereon to the appellee to secure a debt to him, which was foreclosed, and the truck was purchased by the appellee at the trustee's sale.

According to the evidence for the appellee, before he accepted the deed of trust on the truck, he inquired of the appellant if he had any claim thereon, who replied that he did not. The debt due from Hinton to Little, secured by the deed of trust, was for oil, gas, automobile parts, and repairs on the truck. At the close of the evidence the presiding judge announced "that the defendant was entitled to a jury and verdict for the material used and labor done on the truck in question." The jury, which had been retired, was then recalled, and, over the appellant's objection, evidence was heard relative to "the material used and labor done on the truck." The appellee testified that the amount due him therefor was one hundred thirty-two dollars and seventy cents; that "for the gas, oil and grease being twenty-seven dollars and seventy-one cents." He also said that the debt was for "parts and gas and oil and labor."

The only issue submitted to the jury by the court's instructions was the right of the appellee to the possession of the truck under his purchase at the sale thereof under the deed of trust given him by Hinton.

The jury returned the following verdict: "We the jury find for the defendant, H. M. Little, and assess the value of the truck at one hundred seventy-five dollars,"

The appellee had retained possession of the truck under a forthcoming bond therefor, and the judgment rendered on the verdict is as follows: "It is therefore ordered, adjudged and decreed by the court that the defendant do have and recover judgment against plaintiff in the sum of one hundred thirty-four dollars, and some cents, do keep and retain possession of said property

when he shall pay plaintiff forty-one dollars less costs and that the plaintiff, Bura Valentine pay all cost of suit, for which let execution issue.''

The assignment of errors challenges the reopening of the case, after both sides had rested, for the introduction of evidence of material for, and labor on, the truck, and that portion of the judgment awarding the appellee a recovery of one hundred thirty-four dollars.

Leaving out of view the reopening of the case, and also the sufficiency, vel non, of the evidence to establish the appellee's claim to a lien on the truck for material furnished therefor and labor thereon, no judgment for the amount due him therefor by Hinton should have been rendered, for two reasons: First, the evidence does not disclose that the appellant is in any way liable therefor; and, second, under section 3099, Code of 1930, the only judgment that can be rendered for a defendant in replevin who has given bond for the property is ''that he retain it, and that he recover of the plaintiff the damages sustained by the wrongful suing out of the writ.'' This was the only judgment the court below should have rendered.

The judgment of the court below will be reversed, and the judgment which should have been rendered, i. e., that the appellee retained possession of the truck, will be entered here.

Reversed, and judgment here for the appellee.