CALCOTE et al. *v.* MAY.

In Banc. Nov. 14, 1949.

No. 37217   (42 So. (2d) 742)

**Cohn & Hobbs,** for appellants.

J. N. Yawn, Tulius Brady, and Lotterhos & Dunn, for appellee.

**Alexander, J.**

This is a replevin suit by appellant Calcote, with Mathis as surety upon possessory bond. The property sought and repossessed consisted of twelve head of cattle, which were thereupon disposed of by Calcote.

The background of the action is supplied by the conduct of the appellant in allowing his stock on several prior occasions, and after repeated protest, to stray upon appellee's premises. Claims for damages or upkeep had generously been foregone by appellee who contented himself with admonitions which elicited corresponding promises of reformation.

The cattle in question were being held by May under Code 1942, Sections 4872, 4873. Replevin by Calcote was under the right and obligations imposed by Section 4876.

To the declaration May filed a plea of general issue and an answer, which latter set up by way of a cross demand for damages the following items: (1) Damages to oat crop $100; (2) to land $50; (3) taking up cattle $2.50.; (4) care and feeding of cattle $48. The last item represented fifty cents a day for twelve head of cattle for

eight days. Code 1942, Section 4871. This total of $200.50 was sought to be doubled under the asserted authority of Section 4871. The cross demand therefor was for $401, and upon hearing under a writ of inquiry, the jury awarded damages in the sum of $376.

We do not digress to comment upon the unique procedure by which the issue in replevin was made up, since no point is made thereon. Judgment by default was suffered by Calcote, and the issue of damages heard, as stated, under a writ of inquiry. While the cause was pending, the attorney for Calcote was allowed by the court, upon proper motion, to withdraw as such attorney from the case. This motion was filed January 12, 1948, and order entered thereon the same day. There was a continuance of the cause, and the writ of inquiry was awarded and judgment entered thereon, September 23, 1948, against Calcote, and his sole surety, Mathis. Point is made that Calcote was entitled to notice of the motion of his counsel to withdraw. Since the cause is to be remanded for hearing upon the damage issue, and since Calcote was not entitled to immediate possession of the cattle, except as subject to the lien of May, we do not decide whether notice was required.

Section 4871 allows the owner of the invaded land double damages if the trespassing occurs, as it did here, "after the owner (of the cattle) has been notified of the first trespass or injury". Yet, the damages allowed thereunder are only those incurred "for all injuries and trespasses committed by such animals by breaking and entering into or upon the lands, grounds, or premises of another". Hence, the maximum allowable thereunder would be double the first two items of damage to crop and land, or a total of $300.

Section 4872 imposes a maximum charge of $2.50 for the taking up, and "reasonable compensation for feeding and caring for such animals while keeping them." These charges are not subject to double damages after notice. The maximum recoverable is thus found to be $350.50

in view of the claim of $48 for feeding and care. This falls below the jury's verdict of $376 and may not be affirmed.

This record furnishes no basis whereby we may correct the judgment since the jury were instructed at the request of the cross claimant that they could find damages "as claimed by defendant in his answer . . . and cross claim." It is not possible to know whether double damages were improperly allowed on items not subject thereto, or whether the verdict was reached by reducing the award upon items thereto subject or by denying recovery for specific items.

Point is made in the appeal by Mathis that since the statute requires at least two individual sureties, no judgment could be allowed against him because the bond was ineffectual. This is not a point which the surety can make. Nor was he entitled to notice of the fact of loss of the replevin bond and proceedings for its substitution or reestablishment under Code 1942, Sections 766, 767. The surety, although he may in a proper case assert non-liability thereunder by contesting his original liability or asserting discharge, is not properly a party to the action of replevin, and must cede to his principal the responsibility of a defense upon the merits. Atkinson v. Foxworth, 53 Miss. 733. He may not draw upon either the forbearance of the defendant or the neglect of the plaintiff to avoid a liability upon a bond which was evidently satisfactory to both.

The cause will be affirmed upon liability, but remanded for hearing, under proper instructions, of the issue of damages.

Affirmed on liability, remanded on issue of damages.