359 So.2d 1386 (1978)
GENERAL MOTORS ACCEPTANCE CORPORATION
v.
Tommie Joe FAIRLEY.
No. 50046.
Supreme Court of Mississippi.
June 14, 1978.
*1387 Gray, Montague, Jackson & Pittman, James C. Pittman, Jr., Hattiesburg, for appellant.
W.S. Murphy, Lucedale, for appellee.
Before PATTERSON, C.J., BROOM and BOWLING, JJ., and BROWN, Commissioner.
W.W. BROWN, Commissioner, for the Court:[1]
This replevin suit was filed by appellant, General Motors Acceptance Corporation (GMAC) against appellee Tommie Joe Fairley (Fairley) in the Circuit Court of Greene County. Fairley answered, and counterclaimed, alleging damages by virtue of being falsely charged with wrongful detention in GMAC's replevin suit. GMAC demurred to Fairley's counterclaim and after the demurrer was overruled, a jury trial resulted in five thousand dollar verdict and judgment in favor of Fairley on his counterclaim. We reverse.
The dispositive issue is: May a defendant to a replevin suit who disclaims possession of the property sought, counterclaim for damages to his reputation, business, and for mental anguish caused by the replevin?
In October of 1973, Thomas Mizelle purchased an auto from U.J. Chevrolet Company by an installment sales contract which was duly assigned to GMAC. Mizelle failed to make timely monthly payments on several occasions and late payments were made by his grandson, Tommie Joe Fairley. Mizelle resided part-time with Fairley and both of them used the auto. GMAC had actual notice that some of the payments were made by Fairley. When default occurred on three payments extending from January 7 through March 7, 1976, GMAC filed a replevin action on March 26, 1976, to recover the auto that was parked on the property of Tommie Joe Fairley.
Although Fairley contended he never objected to GMAC taking possession of the auto, the record shows that on January 28, 1976, Fairley requested time to make payments by the first of February, 1976, which was granted but only one of the two payments due was made. Thereafter, GMAC representatives called by Fairley's home five times from February 4, 1976 through March 11, 1976; left notices to call or were informed by Fairley's wife to see Fairley about repossessing the auto.
After the replevin action was brought and the writ served on Fairley, he contemplated bonding the auto but did not after the sheriff had prepared him a bond. Fairley thereafter answered and admitted no ownership in the auto and filed a disclaimer, but counterclaimed in a tort action for mental anguish or civil abuse of process, etc. The plaintiff, GMAC, timely demurred to the counterclaim, which demurrer was overruled; judgment was entered granting GMAC possession of the auto but the matter of the counterclaim was set down for trial which resulted in a jury verdict in the principal sum of five thousand dollars.
Fairley urges that Mississippi Code Annotated, Section 11-7-36 (Supp. 1977) authorizes any person to now plead in his declaration both contract and tort, and, that Mississippi Code Annotated, Section 11-7-59 (1972) abolished pleas in circuit court. Therefore, argument is made that a counterclaim is authorized in replevin as provided by Mississippi Code Annotated, Section 11-7-69 (1972) when construed with Mississippi Code Annotated, Section 11-37-157 (Supp. 1977).
Counterclaim was not known to the Common Law, or to early English and American equity practice. It is a code term of modern origin, and owes its existence to statutory law. 20 Am.Jur.2d, Counterclaim § 19 (1973).
Although replevin was recognized in early common law, its use has been controlled *1388 and regulated by statute for several hundred years. The first statute in Mississippi providing for replevin in all cases of wrongful detention of personal property was enacted February 14, 1842, and appears in Hutchinson's Code, ch. 56, art. 11, p. 817 (1848). Since that time replevin has been continuously a statutory proceeding in this state. Although the plea of "not guilty" was abolished and the now repealed Mississippi Code Annotated Section 11-37-37 (1972) provided "the defendant may plead as provided by law," this Court has continuously held that replevin in Mississippi is a purely statutory proceeding. Rawles v. Ogden, 284 So.2d 532 (Miss. 1973).
Replevin is a proceeding by which the owner or one who has a general or special property in the chattel taken or detained seeks to recover possession of that specific chattel, the recovery of damages being only an incident thereto. 66 Am.Jur.2d, Replevin, § 2 (1973).
The recently enacted replevin statutes, Mississippi Code Annotated, Sections 11-37-101 through XX-XX-XXX, inclusive, (Supp. 1977), still provide for an immediate remedy where a chattel is unlawfully held or detained to gain possession thereof, in term time or vacation after five days notice. Although Mississippi Code Annotated, Section 11-37-127 (Supp. 1977) authorizes a judgment for the value of the property if the property cannot be found, only the recovery of the property or value plus any statutory damages as therein provided is allowed. If the judgment be for the defendant, then Mississippi Code Annotated, Section 11-37-129 (Supp. 1977) sets the statutory limits of his recovery.
After a careful consideration of the office of replevin, we have reached the conclusion that the Laws of 1975, ch. 508, do not permit a defendant to file a counterclaim or recoupment except for the specific statutory damages. A replevin action is a possessory action for specific property and not a suit for monetary damages. No provision is made under the above law for a judgment of money, except for the wrongful taking, detention, value of the specific property, or damages for wrongful suing out of the writ. This Court held in the case of Carruth v. Easterling, 247 Miss. 364, 150 So.2d 852 (1963):
Such a plea may be made in addition to the traditional defense that replevin does not lie for impounded or distrained animals if the proceeding is regular. Cobbey on Replevin, 2d Ed. § 348, p. 174. Facts amounting to a recoupment may also be alleged in the answer, under the foregoing amended statute, as an affirmative defense to the plaintiff's right of possession or interest in the property, but facts may not be pleaded in the answer which amount to a counterclaim to set off or establish unrelated debts or demands. (Emphasis added). 150 So.2d at 858.
The auto in this case was in the constructive possession of the defendant Fairley, and although he disclaimed any interest therein the writ of replevin was proper to remove the chattel from his land. Therefore, the writ was not wrongfully sued out and the facts of the counterclaim show no damages provided by statute. A motion to strike the counterclaim would have been the more appropriate procedure, but the demurrer went to the face of the pleadings and should have been sustained. Since both counterclaim and replevin are statutory proceedings this Court will not imply, engraft or enlarge the statutes to embrace a proceeding heretofore not recognized in this state without specific legislative authorization.
The judgment for the counterclaimant is set aside and held for naught and the counterclaim is dismissed without prejudice to the counterclaimant to bring suit in a separate action if merited.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.