SUGG, Justice,
for the Court:
Finance America Private Brands, Inc. filed a declaration in replevin against James H. Durbin, d/b/a Durbin’s TV and Appliance in the Circuit Court of Jackson County. Plaintiff alleged in its declaration that defendant was indebted to the plaintiff under the terms of a security agreement; plaintiff was entitled to immediate possession of certain personal property described in the declaration in order to deal with it in *1357 accordance with the terms of the security agreement; and, defendant wrongfully withheld possession of the property. Defendant answered and denied that he was in default because he had tendered plaintiff all sums due it before the declaration in replevin was filed. Defendant made his answer a counterclaim and sued for $2,500,-000 for financial loss, embarrassment, destruction of credit, etc.
At the trial, and over the objection of plaintiff, the trial judge submitted to the juiy the issue of possession of the property and also submitted the issue of damages claimed by the defendant. The jury returned a verdict on the counterclaim in favor of the defendant for $140,000. Plaintiff made a motion for a judgment n. o. v., and, in the alternative, for a new trial. The trial judge granted a new trial on the issue of damages only and plaintiff appealed.
Plaintiff contends on direct appeal that the trial court should not have submitted to the jury the issue of damages claimed by defendant until after the issue of possession was decided in favor of the defendant. Defendant argues that plaintiff has no standing under section 11-7-213 Mississippi Code Annotated (1972) to appeal from the order granting a new trial on damages.
Defendant cross-appealed and contends that the trial judge abused his discretion by granting a new trial on damages because the damages awarded by the jury were not excessive. We do not reach the cross-appeal because the issue of damages should not have been submitted except on a writ of inquiry following a verdict by the jury on the question of possession.
I
The first question on direct appeal is whether the trial judge erred by submitting the combined issues of possession and damages for decision by the jury at the same time in the trial of the replevin action.
Chapter 508, Mississippi General Laws (1975) [section 11-37-101 through 157 Mississippi Code Annotated (Supp.1978)] repealed the existing replevin statutes and is a new replevin statute enacted to meet the due process requirements of the United States Constitution as mandated by the United States Supreme Court.
At the outset we should note some of the procedural changes affected by the new replevin statute. Under the new statute, section 11-37-101 Mississippi Code Annotated (Supp.1978), a replevin action is commenced by filing a declaration under oath setting forth the facts required by the section. The pleadings are then presented to a judge or justice court judge who is authorized to direct the issuance of a writ of replevin for the seizure of the property described in the declaration upon plaintiff posting bond in the amount fixed by the judge.
Section 11-37-109 provides that the writ of replevin shall command the sheriff or other local officer to take possession of the property and deliver it to the plaintiff after two days unless bonded by the defendant and to summon defendant to answer and appear before the court shown in the writ.
If the return of the officer on the writ shows a failure to take the property, but the defendant has been summoned, the plaintiff may declare and prosecute the action for the recovery of the value of the property and damages for the taking and detention of the property as if he had thus commenced his action, whereupon the plaintiff and his sureties shall, upon motion, be discharged on their bond.
Section 11-37-127 and 129 provide that either plaintiff or defendant may recover damages under the conditions set forth in the statute upon a writ of inquiry. The question of damages may not be submitted until trial on the declaration has been completed and judgment rendered either for the plaintiff or the defendant. If judgment is for the plaintiff, no provision is made for the defendant to recover damages.
The statute was considered in General Motors Acceptance Corporation v. Fairley, 359 So.2d 1386 (Miss.1978) where we stated:
The recently enacted replevin statutes, Mississippi Code Annotated, Sections 11-37-101 through 11-37-157, inclusive, (Supp.1977), still provide for an immediate remedy where a chattel is unlawfully *1358 held or detained to gain possession thereof, in term time or vacation after five days notice. Although Mississippi Code Annotated, Section 11-37-127 (Supp. 1977) authorizes a judgment for the value of the property if the property cannot be found, only the recovery of the property or value plus any statutory damages as therein provided is allowed. If the judgment be for the defendant, then Mississippi Code Annotated, Section 11-37-129 (Supp.1977) sets the statutory limits of his recovery.
After a careful consideration of the office of replevin, we have reached the conclusion that the Laws of 1975, ch. 508, do not permit a defendant to file a counterclaim or recoupment except for the specific statutory damages. A replevin action is a possessory action for specific property and not a suit for monetary damages. No provision is made under the above law for a judgment of money, except for the wrongful taking, detention, value of the specific property, or damages for wrongful suing out of the writ. (359 So.2d at 1388).
The language used in General Motors is susceptible to the interpretation that we have authorized filing a counterclaim or recoupment along with the answer of the defendant. The statute does not permit filing a counterclaim or recoupment with the answer, but damages may be awarded to a defendant only on a writ of inquiry after judgment for the defendant on the question of possession of the property. In order to clarify our language in General Motors we hold that if a defendant or a plaintiff seeks damages, such damages must be sought after judgment on the issue of possession on a writ of inquiry, and not by way of counterclaim or recoupment filed with the answer. It was error for the trial court to submit the issue of possession and the issue of damages to the jury at the same time.
II
The second question for decision is defendant’s contention that the plaintiff has no standing to appeal under section 11-7-213 Mississippi Code Annotated (1972) until after a new trial on the issue of damages is held.
Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause. Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial. [Section 11-7-213 Mississippi Code Annotated (Supp.1975)].
In Tagert v. Baker, 57 Miss. 303 (1879), this Court construed Section 647 Mississippi Code 1871 (now section 11-7-213). In Ta-gert, the trial court set aside the third verdict rendered for the plaintiff and granted defendant a fourth trial. Plaintiff appealed and assigned as the sole ground of error that the court was without power to grant a fourth trial to the defendant. It was argued by the defendant that the appeal was premature because an appeal from an order granting a new trial does not lie until the new trial is held; that plaintiff should have awaited the result of the fourth trial; and if dissatisfied with the results of the new trial, should have taken an appeal.
The Court held:
Ordinarily this doctrine is correct, but an order granting a new trial after three concurring verdicts is exceptional and peculiar. If no errors of law have intervened in the progress of the several trials, and if all the new trials have been granted because of incorrect conclusions of the jury as to matters of fact, the court has no power to set aside a third verdict; and its order to that effect being a nullity, the successful party has a right to demand the rendition of a judgment in his favor. He must, therefore, if this be refused, have the right to bring the ease before this court directly, and have the question tested, whether the fourth trial was awarded under circumstances which authorized it. If we should be of opinion that it was unauthorized, we would reverse and vacate the order, and remand the case with instructions to the lower *1359 court to render a judgment nunc pro tunc on the last verdict found by the jury. (57 Miss, at 304, 305). (Emphasis supplied).
The principle announced in Tagert is applicable to this case because the order of the judge granting a new trial on damages only after he had erroneously submitted simultaneously the issues of possession and damages is contrary to the replevin statute. Justice demands that the plaintiff be permitted to bring its case before this Court directly and have the question tested whether the procedure followed by the trial judge was proper. Otherwise, a new trial on the issue of damages only would avail nothing except a decision by this Court on appeal that error was committed in the first trial by improperly submitting combined issues to the jury.
The order of the trial court directing a new trial on the issue of damages only is reversed and the case remanded with directions to try the issue of the right of possession of the property first. If the verdict is for the defendant, then damages to the defendant may be assessed on a writ of inquiry.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.