DAN M. LEE, Justice,
for the Court:
This is an appeal from the Circuit Court of Attala County, sitting without a jury, wherein James S. Ferris, plaintiff/appellant, sought to replevy a 1978 International Harvester truck and a 1979 Trailmobile trailer from the possession of C. H. Hawkins, Sr., d/b/a Mid-State Motor Company, defendant/appellee. Hawkins had obtained possession of the equipment by paying off an alleged lien held by the Birmingham Trust National Bank which resulted from the equipment being pledged as security by Ferris’ agent for a bank overdraft. The Birmingham Trust National Bank assigned its security interest in the equipment to Hawkins upon payment of an amount equal to the overdraft. At the conclusion of the hearing, the trial judge directed a verdict for a monetary judgment only in favor of Hawkins in the amount of $8160. We reverse.
In December 1978 appellant executed a power of attorney appointing Forrest Lee Ferris, no relation to appellant, his agent and attorney in fact. Appellant, a New York resident, in connection with the power of attorney, issued Ferris $22,000 to disburse as he saw fit in the purchase and operation of the equipment in controversy. The equipment was evidently to be leased by Alabama Western, an Alabama corporation, with whom Forrest Ferris was also associated.
Ferris opened an account with the Birmingham Trust National Bank in appellant’s name. A check from Alabama Western, payable to appellant and endorsed for deposit only, was deposited into this account. The check proved to be of no value which resulted in an $8160 overdraft to appellant’s account. Ferris apparently pledged appellant’s equipment to secure this overdraft. Appellant denied any knowledge of the check from Alabama Western or the account at the Birmingham Trust National Bank. Appellant also denied he authorized Ferris to pledge his equipment as security.
*813 Appellee contacted appellant in February 1979 concerning the removal of his (appellant’s) equipment from Alabama to Mississippi. When appellee discovered the lien held by Birmingham Trust National Bank, he related this information to appellant. Appellee paid the Birmingham Trust National Bank to have the liens extinguished from various pieces of equipment including that owned by appellant. Appellant was notified of the payment to the bank and relocation of the equipment in Mississippi. The Birmingham Trust National Bank assigned appellee its security interest in the equipment owned by appellant. Appellant subsequently executed a power of attorney appointing appellee his agent and attorney in fact to obtain title to the equipment in Mississippi. A Mississippi title was subsequently obtained which listed appellee as a second lienholder.
At the conclusion of the hearing, the trial judge granted appellee’s motion for directed verdict and monetary judgment, but did not dismiss the replevin or decide the question of possession of the truck and trailer. An order was entered accordingly.
1. Did the trial court err in granting appellee a monetary judgment?
Mississippi Code Annotated section 11-37-129 (Supp.1981) provides:
If the judgment be for the defendant, the plaintiff and the sureties on the plaintiff’s bond shall restore to the defendant the property, if to be had, or pay to him the value thereof and any damages for the wrongful suing out of the writ, as assessed upon writ of inquiry. If the defendant shall have made bond for such property, he and his sureties shall be fully discharged and he may recover any damages from the plaintiff and his sureties for the wrongful suing out of said writ. In case the plaintiff make default in prosecuting the replevin action, or be nonsuit-ed, after seizure under writ of replevin, the defendant may have a writ of inquiry to assess the value of the property, or the damages sustained by the wrongful suing out of the writ, or both, as the case may be; and like judgment shall be rendered upon the finding as upon an issue found for him.
This Court has interpreted Mississippi Code Annotated section 11-37-129 (1972) as a possessory action and judgment for money may not be granted except for the wrongful taking, detention, value of the specific property, or damages for wrongful suing out of the writ. In General Motors Acceptance Corp. v. Fairley, 359 So.2d 1386 (Miss.1978), we said:
After a careful consideration of the office of replevin, we have reached the conclusion that the Laws of 1975, ch. 508, do not permit a defendant to file a counterclaim or recoupment except for the specific statutory damages. A replevin action is a possessory action for specific property and not a suit for monetary damages. No provision is made under the above law for a judgment of money, except for the wrongful taking, detention, value of the specific property, or damages for wrongful suing out of the writ. This Court held in the case of Carruth v. Easterling, 247 Miss. 364, 150 So.2d 852 (1963):
“Such a plea may be made in addition to the traditional defense that replevin does not lie for impounded or distrained animals if the proceeding is regular. Cobbey on Replevin, 2d Ed. § 348, p. 174. Facts amounting to a recoupment may also be alleged in the answer, under the foregoing amended statute, as an affirmative defense to the plaintiff’s right of possession or interest in the property, but facts may not be pleaded in the answer which amount to a counterclaim to set off or establish unrelated debts or demands. (Emphasis added). 150 So.2d at 858.” (359 So.2d at 1388 — emphasis ours.)
After the decision in General Motors, this Court in Finance American Private Brands, Inc. v. Durbin, 370 So.2d 1356 (Miss.1979), stated:
The language used in General Motors is susceptible to the interpretation that we have authorized filing a counterclaim or recoupment along with the answer of the defendant. The statute does not permit *814 filing a counterclaim or recoupment with the answer, but damages may be awarded to a defendant only on a writ of inquiry after judgment for the defendant on the question of possession of the property. In order to clarify our language in General Motors we hold that if a defendant or a plaintiff seeks damages, such damages must be sought after judgment on the issue of possession on a writ of inquiry, and not by way of counterclaim or re-coupment filed with the answer. It was error for the trial court to submit the issue of possession and the issue of damages to the jury at the same time. (370 So.2d at 1358 — emphasis ours.)
Appellee contends the point was not preserved for review on appeal due to appellant’s failure to specifically allege error in the granting of the directed verdict for a monetary judgment in his motion for new trial. We are of the opinion that the granting of the directed verdict is properly before the Court in that appellant alleged in his motion for new trial error in the trial court’s finding that appellee had a valid security interest in the property and further urged the trial court to reconsider appellant’s motion to strike which went to the very heart of the propriety of the trial court’s action in directing a verdict.
The foregoing authorities clearly hold it was error for the trial court to grant a monetary judgment against appellant for the amount of appellee’s alleged lien. Re-plevin is a possessory action only, the gist of which is the right of possession in the plaintiff. Deposit Guaranty National Bank v. Ellzey, 222 So.2d 680 (Miss.1969). The trial court in the case sub judice made no finding as to who was entitled to possession of the property. The issue of appellee’s alleged security interest in the property was relevant to the case only as to whether the appellee was entitled to immediate possession of the property.
Because the trial court erred in failing to make a finding as to who was entitled to possession of the property and further erred in granting appellee a monetary judgment in a possessory action only, this case must be reversed. Since we are reversing the case, we do not decide those assignments of error relating to the validity of appellee’s lien.
Based on the foregoing, this case is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C. J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, BOWLING and PRATHER, JJ., concur.
HAWKINS, J., takes no part.