IRVING, P.J.,
dissenting:
¶ 21. For more than three years, CCB has retained possession of Magee’s property without sending him notice of its intent to sell the property or to retain it in complete satisfaction of the debt, as required by the Uniform Commercial Code. See Miss.Code Ann. §§ 75-9-610, -611, -620 (Rev.2002). In my judgment, this constitutes a wrongful retention of Ma-gee’s property.[2] Now the majority, exhorting form over substance, finds that the circuit court — which erroneously ordered the property turned over to CCB, but shortly thereafter rescinded the order— did not have jurisdiction in a writ-of-inquiry proceeding to assess damages against CCB for the wrongful retention of Magee’s property. Moreover, the basis upon which the majority finds that the circuit court lacked jurisdiction to hear the writ of inquiry — the commencement of the replevin action under Mississippi Code Annotated section 11-37-131 (Rev.2002) rather than under Mississippi Code Annotated section 11-37-129 (Rev.2002) — was never raised by CCB.[3] Additionally, there is no authority for the majority’s position that a writ of inquiry can only issue in cases instituted under section 11-37-129. Therefore, I dissent. I would reverse the judgment of the circuit court denying Magee’s motion for reconsideration and remand this case for proceedings on the question of damages.
¶ 22. I admit that the need for a writ of inquiry will arise normally only when a plaintiff has taken immediate possession of property and thereafter was adjudicated not entitled to possession. The majority says that “[t]he purpose of a writ of inquiry is to determine a defendant’s damages when property is seized before a hearing under section 11-37-101 and, upon [the court] holding a hearing, a judgment is made in favor of the defendant.” Maj. Op. at (¶ 14). What the majority overlooks is that the real purpose for the writ of inquiry is not to ensure obedience to a proper procedural formality, but to ensure that a defendant will be timely compensated when a plaintiff has wrongfully enjoyed use and possession of a defendant’s property as a result of actions taken by the plaintiff, which is the case here. Therefore, I see no legal impediment or procedural hurdle to the grant of a writ of *1060 inquiry to assess a defendant’s damages when a plaintiff continues to retain possession of property after the order granting the right of possession has been set aside.
¶ 23. After the circuit court granted the writ of inquiry, CCB filed a motion for reconsideration, which the circuit court granted and set aside the previous order granting a writ of inquiry. In its motion, CCB did not allege or argue that the grant of the writ of inquiry was improper because the replevin action had been initiated under section 11-37-131 rather than under section 11-37-129. CCB asserted that Magee had not prevailed because the circuit court did not enter a judgment in his favor. CCB erroneously argued that the circuit court had sent the entire case to the justice court for trial and that Magee had caused the case to be dismissed in justice court because of he inserted a counterclaim that was beyond the justice court’s jurisdictional limit. Essentially, CCB contended that Magee had not prevailed on the merits and that his case had been dismissed without any final determination on the validity of the replevin order.[4] In fact, CCB submitted that a writ of inquiry would have been proper if Ma-gee had prevailed on the merits. However, CCB was mistaken regarding what had been transferred to the justice court. When the circuit court entered the second order on June 23, 2009, that order transcended the earlier order because it was entered within ten days of the first order. See M.R.C.P. 60(c). The latter order only transferred the issue of attorney’s fees to the justice court. Therefore, the circuit court’s order setting aside the order of replevin remained in place.
¶ 24. In my judgment, the majority erroneously holds that the circuit court did not have subject-matter jurisdiction to grant the writ of inquiry because “our replevin statutes do not allow for a writ of inquiry where there is no pre-seizure of property.” Maj. Op. at (¶ 11). A correct statement regarding what our replevin statutes allow would be that a writ of inquiry must be held to determine a defendant’s damages when a plaintiff has wrongfully taken immediate possession of the defendant’s property. Our statutes are silent as to whether a writ of inquiry may be invoked in other instances. Further, it seems to me that the majority has confused procedural formality in a special area of the law with the circuit court’s general jurisdiction. It cannot be legitimately argued that the circuit court does not have jurisdiction to grant writs of inquiry. It is done all the time in civil cases where a default judgment is entered for a plaintiff in an unliquidated-damages case. The domestic-relations case, Duvall v. Duvall, 224 Miss. 546, 80 So.2d 752 (1955), cited by the majority, provides no support for the notion that our circuit courts do not possess jurisdiction to grant writs of inquiry in replevin actions under section 11-37-131. Duvall stands simply for the proposi *1061 tion that parties cannot confer general jurisdiction on the courts.
¶ 25. The majority states that Magee was not without remedy — that he “could have ... brought ... a civil suit for conversion, or ... could have filed his own replevin action.” Maj. Op. at (¶ 17). It seems to me, given the facts of this case and the interconnectedness of the damages claim with the replevin action, that judicial economy, if nothing else, requires that the issues be resolved in the replevin action.
¶ 26. Therefore, for the reasons discussed, I dissent. I would reverse and remand this case for further proceedings on the question of damages.
BARNES AND RUSSELL, JJ„ JOIN THIS OPINION.

. Apparently the majority concludes that CCB is justified in doing so because it says there has been no determination that CCB wrongfully retained the collateral for three years and that it appears that CCB, at all times, has been willing to allow Magee to redeem the collateral if he caught up the note and paid CCB’s legitimate collection expenses. This reasoning overlooks the fact that once CCB obtained possession of the property, it was required to take action. That the security agreement allows for repossession after default cannot be used to justify CCB's failure to follow the requirements of law post-default.

. The complaint is silent as to which code section CCB was proceeding under.

. Specifically, CCB alleged:
Magee cannot file a counter claim in this replevin suit, but is limited to filing for Writ of Inquiry, which can only be done "after judgment for the defendant on the question of possession of the property." Ferris v. Hawkins, 418 So.2d 811, 813 (Miss.1982) [ (citing, [Fin.] [Am.] Private Brands, Inc. v. Durbin, 370 So.2d 1356, 1358 (Miss.1979))].
[The circuit] [cjourt sent the case to justice court, and it was dismissed because of Ma-gee's counter claim. This court relinquished its jurisdiction to the lower court, and the lower court dismissed the suit. Therefore, the case is over.
There was never any [o]rder reinstating or reviving the case in [the circuit] [c]ourt. Without that, the [o]rder granting a Writ of Inquiry is a mistake and is void because [the circuit] [c]ourt is no longer vested with jurisdiction.